■ In the Matter of WHITE PLAINS PROPERTIES CORP., Respondent, v TAX ASSESSOR OF THE CITY OF WHITE PLAINS et al., Appellants. In the Matter of W. P. PROPERTIES CORP., Respondent, v TAX ASSESSOR OF THE CITY OF WHITE PLAINS et al., Appellants.—In two jointly tried tax certiorari proceedings, pursuant to article 7 of the Real Property Tax Law, the appeal is from a judgment of the Supreme Court, Westchester County, entered July 6, 1976, which, *inter alia,* reduced the total assessment on the real property owned by petitioners for the year 1969. Judgment affirmed, with costs. During the trial of this tax assessment review proceeding, appellants attempted to offer the testimony of their expert in rebuttal to the expert testimony adduced by petitioner. This testimony was based upon an "engineering report" prepared by the expert which was not filed and exchanged with petitioners pursuant to the rules of this court (22 NYCRR 678.1). Special Term ruled that the testimony of the professional consulting engineer offered by appellants was an attempt to introduce expert testimony as to value, and the failure to exchange the report upon which testimony was based precluded the use of such evidence. We agree. Subdivision (e) of section 678.1 precludes the use of such expert testimony by any party who fails to file an appraisal report upon which the testimony as to value is based. The rule was enacted to aid in the expeditious disposition of such proceedings. Not only does the rule aid in disclosure, but it allows opposing counsel to adequately prepare for an effective cross-examination of a party's

expert witness, thereby abbreviating proceedings which must delve into complex construction, cost and engineering data. Appellants herein attempted to flout the purpose of the rule by failing to file and exchange the De Stefanis report and then attempting to use it at the trial. Hopkins, J. P., Titone and Hawkins, JJ., concur; Shapiro and Suozzi, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: By its affirmance of the Special Term's judgment, the majority holds, as did the Special Term, that section 678.1 of the rules of this court precludes an expert witness engaged by the municipality in a tax certiorari proceeding from impeaching the conclusions and methodology of petitioner's expert when the former has not filed his rebuttal report. We disagree with the majority's determination because, in our view, it improperly expands the language and meaning of section 678.1, which is merely a disclosure rule promulgated to expedite the trial of certiorari matters, and deprives the municipality, to its prejudice, of the right to contradict and impeach the petitioner's case under accepted common-law principles of evidence. In effect, it transforms a rule of disclosure into an exclusionary evidentiary rule. Section 678.1 of the rules of this court provides, insofar as is pertinent herein, as follows: "Section 678.1 Filing and exchange of appraisal reports. (a) In all proceedings for condemnation, appropriation and review of tax assessments, where the determination of the value of real or personal property is in issue, the attorneys for the respective parties shall file with the clerk of the trial court, not later than 10 days before the date set for trial, any appraisal report intended to be used at the trial, together with a separate copy of such report for each adverse party to the claim. * * * (d) The appraisal reports shall contain a statement of the method of appraisal to be relied on and the conclusions as to value reached by the experts, together with the facts, figures and calculations by which the conclusions were reached. * * * (e) Upon the trial of the proceeding, *all parties, in their proof as to value based on appraisal, shall be limited to the matters set forth in their respective appraisal reports. Any party who fails to file an appraisal report as herein required shall be precluded from offering any expert testimony on value."* (Emphasis supplied.) The appeal involves proceedings instituted by the petitioners to review the real estate tax assessment imposed on their property in downtown White Plains for the year 1969. At the conclusion of the trial, the court reduced the total assessment on the land and buildings by over $1,200,000, specifically from $5,797,850 to $4,557,740. Prior to the trial, the parties, in accordance with section 678.1, filed and exchanged appraisal reports. Petitioners filed an appraisal report prepared by Theodore Powers, which contained a cost approach to value and which was based on building cost estimates contained in reports submitted by an engineer and expert, one George Watson, which were also filed and delivered to appellants. In November, 1975, shortly before the trial commenced in January, 1976, the detailed data upon which the Watson calculations had been made were filed with the court and exchanged with appellants. This data consisted of 130 pages of calculations in addition to numerous maps and drawings. In accordance with the rule, the municipality filed a report of its appraiser, Eugene Albert. At the trial, the reports of Powers, Watson and Albert were admitted into evidence and all three experts testified in support of their respective positions. The municipality's expert, Albert, was cross-examined extensively with respect to his appraisal and his testimony as to value was damagingly discredited. At that point the municipality offered the testimony of Mario De Stefanis, who was conceded by all parties to be a professional engineer and an expert

in the field of building construction and costs. His testimony was rejected on the ground that a report by him had not been filed and exchanged pursuant to section 678.1. As the trial court noted in its decision, the petitioner and the municipality utilized two different cost approaches. The petitioner's approach to value was based on the cost of reproduction less depreciation, while the municipality's valuation method was based on the cost of replacement less depreciation. The appraisal report upon which the petitioner relied to substantiate its approach consisted of the appraisal of the real estate expert, Powers, and the engineering calculations and data provided by its engineering expert, Watson. The municipality's report, upon which it relied to sustain its cost of replacement, was limited to the real estate expert's appraisal entirely. Although its expert, De Stefanis, had been retained early in the proceeding to provide engineering data and calculations to support Albert's opinion, this engineering support was never provided Albert and no report thereof was filed or exchanged. Thus, Albert's appraisal report and testimony constituted the municipality's only affirmative proof in support of its method of evaluation, to wit, cost of replacement less depreciation. Clearly, if De Stefanis' testimony had been offered for the purpose of belatedly providing the engineering data which had not theretofore been supplied to support Albert's appraisal, his testimony would have been properly excluded and inadmissible under the rule. However, the record here is clear that De Stefanis' testimony was not intended to bolster and rehabilitate Albert's replacement value, but rather to rebut, contradict, dispute and impeach Watson's report and testimony as to the cost of reproduction. The offer of proof made after the court ruled against the admission of De Stefanis' testimony disclosed that the testimony excluded related to (1) the cost of certain components listed by Watson, (2) the presence of items which were not considered by Watson at all, (3) the observable condition of elements of the structure and (4) the trend of construction costs in White Plains. It was not intended to establish a replacement value different from that testified to by Albert. Nor was it an attempt to value the property by a method of appraisal different from the approach to which the municipality was committed by its filing of Albert's appraisal. In our view the trial court's ruling was erroneous and unduly prejudiced the municipality's case by not permitting this challenge to Watson's testimony. Section 678.1 was promulgated by this court under the authority of CPLR 3140. That section provides as follows: "Notwithstanding the provisions of subdivisions (c) and (d) of section 3101, the appellate division in each judicial department shall adopt rules governing the exchange of appraisal reports intended for use at the trial in proceedings for condemnation, appropriation or review of tax assessments." The net effect of this statute was to except appraisal reports from the prohibition against disclosure of material prepared for litigation (see CPLR 3101, subd [d]). In discussing the need for this disclosure rule, Professor David Siegel stated as follows (see Eleventh Ann Report of NY Judicial Conference [NY Legis Doc, 1966, No. 90], pp 203-204): "The Committee has asked that a CPLR amendment be devised for article 31 to enable court rules to make available free disclosure, in * * * real estate tax certiorari proceedings * * * *of each party's appraisals and their bases. Such an amendment was deemed necessary because of the quantity of such proceedings and the facts that * * * such practice has proved of substantial aid in the expeditious disposition of these cases. * * ** The amendment is not self-executing; it requires implementation by court rule. Absent court rule, the material-prepared-for-litigation provision may preclude appraisal disclosure" (emphasis supplied). In

1967 the Judicial Conference, in recommending passage of CPLR 3140, stated that the new section would allow each Appellate Division to adopt rules "in the light of different volumes of cases and different needs and calendar conditions in different areas of the state" (Thirteenth Ann Report of NY Judicial Conference [NY Legis Doc, 1968, No. 90], p A36). Clearly, the legislative history of CPLR 3140 indicates that the purpose of the legislation was to expedite the disposition of tax certiorari proceedings and not to affect long-standing substantive rules of evidence. The language of section 678.1 embodies, in a practical manner, the legislative history behind the enactment of CPLR 3140. Subdivision (e) of section 678.1 limits each party's affirmative proof as to "value based on appraisal" to the matter set forth in the appraisal report and precludes a party who has failed to file an appraisal report from offering any expert testimony in support of its affirmative proof of value. Nowhere in the rule is there a prohibition against one expert impeaching the testimony of the adverse party's expert without first filing an appraisal report. By precluding the municipality's expert from impeaching petitioner's expert without first filing an appraisal report, the trial court has converted a simple rule of disclosure, intended primarily to expedite trials of this nature, into an exclusionary evidentiary rule, a result which is not sanctioned by the language of the rule, or by its legislative history. In *Fiesinger v State of New York* (88 Misc 2d 557) the claimant sought an opportunity to file an appraisal report in support of its claim after the expiration of the time specified in the rules of the Court of Claims. In denying claimant's motion, the Court of Claims noted (p 560) that the effect of its preclusion "would encompass what is usually comprehended within affirmative expert testimony of a real estate appraiser". The Court of Claims further noted, in a footnote (p 560): "Further, preclusion will not necessarily result in a totally one-sided, nonadversary hearing since the court is not required to adopt any one expert's opinion, but rather can base its determination on all the evidence in the record * * * *Through proper and effective cross-examination, a party in default of the appraisal rule may still be able to obtain more than the State's estimate of damages.*" (Emphasis supplied.) Clearly, in *Fiesinger,* the Court of Claims recognized that "proper and effective" cross-examination, which includes rebuttal testimony by an expert witness, remains available to a litigant in proceedings of this nature, independent of, and despite the existence of any disclosure rule requiring the filing of appraisal reports used to establish affirmative proof of value. In *Farrington v State of New York* (33 AD2d 731), although denying the claimant the right of submitting a new appraisal, the court permitted him to offer the testimony of a second appraiser, providing that his testimony was "limited to values which do not go beyond those in the initial appraisal." In the instant case, as has been pointed out heretofore, the testimony of De Stefanis which the municipality sought to present was not related to its affirmative proof as to value, as was that of the claimant's second appraiser in *Farrington* which was allowed even though a report had not been filed and exchanged as required by the applicable rules of the Court of Claims. By precluding De Stefanis from testifying and rebutting Watson's testimony solely on the ground that his report had not been filed and exchanged prior to trial, the municipality was deprived of a substantial litigation weapon in its attempt to maximize tax revenues legitimately due to it. This drastic result was the direct by-product of an overtechnical and unreasonable construction of section 678.1. The trial court itself unwittingly pinpointed the lack of logic and fairness of its construction of section 678.1 when it indicated that even had an application been made by the municipal-

ity's attorney on the eve of trial for an adjournment in order to permit him to file and exchange De Stefanis' rebuttal to Watson, it would have been "hard-pressed" to deny that application. Yet, De Stefanis' testimony only related to specific items and matters contained in Watson's report and testimony. Therefore the areas of De Stefanis' testimony could not have possibly come as a surprise to the petitioners. The fact that De Stefanis would have disagreed with and disputed Watson's calculations and opinions did not provide a sufficient basis for finding that the petitioners were surprised and, therefore, so prejudiced as to warrant exclusion of this testimony at the trial. If, as a result of De Stefanis' testimony, the petitioners required an adjournment to review his testimony or to present any additional witnesses to refute De Stefanis' testimony, an application for an adjournment would not have been an unreasonable one. This manner of resolving the issue herein would have avoided the necessity of precluding De Stefanis' testimony and would have provided the opportunity for both parties to fully develop their respective cases. Under the circumstances, it was as unreasonable to preclude De Stefanis' testimony or to have denied the petitioners' application for an adjournment, if one were to have been requested after De Stefanis had testified, as it would have been (as conceded by the trial court) to have denied the municipality's application for an adjournment on the eve of trial to file and exchange De Stefanis' report. For these reasons, we dissent and vote to reverse the judgment and to grant a new trial.