■ In the Matter of STONELEIGH PARKWAY, INC., Appellant, v ASSESSOR OF THE TOWN OF EASTCHESTER et al., Respondents. In the Matter of STONELEIGH PARKWAY, INC., Appellant, v ASSESSOR OF THE VILLAGE OF BRONXVILLE et al., Respondents.—In consolidated proceedings to review certain real property assessments by the Town of Eastchester for the tax years 1973 through 1977 and by the Village of Bronxville for the tax years 1974 through 1977, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated September 6, 1978, which dismissed the petitions at the close of petitioner's evidence. Judgment affirmed, without costs or disbursements. At the trial, petitioner's case was presented by entering its expert's written appraisal into evidence and resting after cross-examination of that witness. With respect to land valuation, the report set forth four allegedly comparable land sales and stated that "Adjustments were made for sale for such factors as time, topography, location and like factors". The adjustments are not shown in the report, and on cross-examination petitioner's expert conceded that his report does not indicate the adjustments or how he arrived at them. Further, in utilizing the four allegedly comparable land sales to derive a unit land value for the subject property, the report does not explain whether the unit value of the subject property was derived by taking an average or a median of the unit values of the alleged comparables, or by some other method. The report's "land valuation" was thus in violation of Rule 678.1 of this court ("Filing and exchange of appraisal reports"), which states, in pertinent part (22 NYCRR 678.1): "(d) The appraisal reports shall contain a statement of the method of appraisal to be relied on and the conclusions as to value reached by the experts, together with the facts, figures and calculations by which the conclusions were reached. If sales, leases or other transactions of comparable properties are to be relied on, they shall be set forth with such particularity as to permit the transactions to be readily identified. (e) Upon the trial of the proceeding, all parties, in their proof as to the value based on appraisal,

shall be limited to the matters set forth in their respective appraisal reports. Any party who fails to file an appraisal report as herein required shall be precluded from offering any expert testimony on value." Accordingly, the trial court struck the expert testimony presented by petitioner with respect to land value. Petitioner's expert ultimately opted for the income approach. His report stated, in part: "The essential evidence of value in this appraisal is the Income Approach. This approach is most creditable in an income property appraisal, since these properties are usually bought for income rather than for amenties (sic) or any of the other benefits to real estate. The Income Approach reflects the opinions of the actual purchaser in the market place and is more directly related to their motivations." With respect to his income approach, petitioner's expert stated: "DIRECT PROPERTY CAPITALIZATION In capitalizing the Net Income of the subject property, the Appraiser has selected the Direct Property Technique as the proper method using the Band of Investment Method, with Straight Line Recapture. I also incorporated an Effective Tax Rate, as computed herein, into the Effective Overall Rate. The Land Value has been carefully estimated from the market as previously demonstrated. Building value is computed by capitalizing the Net Income remaining after deducting from Gross Income all expenses. Therefore, our Analyses are as follows: Assessment Year 1973— NET INCOME BEFORE TAXES & RECAPTURE—$340,018.00 Capitalized at 18%— $1,900,000.00 (of which $247,000.00 is attributable to land)." The same methodology was used for the years 1974-1977. The report reveals that the 18% single capitalization rate used by the petitioner includes a "recapture rate for the depreciating *structure* estimated at approximately 25 years, indicating a rate of 4% utilizing Straight Line Recapture" (emphasis supplied) and on cross-examination petitioner's expert conceded that he used a "4% recapture against net income that includes in that value a *land* value" (emphasis supplied). In dismissing the petitions at the close of petitioner's case the trial court reasoned: "THE COURT: Well, with respect to the Rules of the Appellate Division the Court of Appeals has, last week in White Plains Property against the City of White Plains, sustained a very rigid interpretation of the Rules.* * * * THE COURT: All right. Now, with respect to your income approach, in the first place there were [sic] no analysis whatsoever of the land values and therefore a motion to strike all testimony with respect to comparable sales on land value has already been granted in this case and you have that exception. MR. KLEIN [attorney for petitioner]: That is so, your Honor. THE COURT: Now, without a land value in an income approach, the Court has nothing before it by which it can make a determination on the income approach. It can't just take the rents without land value. I am not going to argue with you, sir, I am giving my ruling now, you see. I will give you my reasons for my ruling. I, therefore must strike the entire income approach because it is defective in not having any provable or sustainable land value. You can't take the income approach, add the value of land in order to apply a cap rate when you don't have the value of the land in the income figures, so I am granting the motion to strike the income approach. * * * Based upon the four corners of this appraisal, this Court researched this appraisal again last night, went over every single bit of it because it is a serious thing for the Court to dismiss at the end of a petitioner's case if it can be, in the opinion of the Court, upheld. The Court is of the opinion that these motions must be granted. The petition is

* *Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains* (58 AD2d 871, affd 44 NY2d 971).

dismissed and you have an exception." The judgment must be affirmed. We note that *Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains* (58 AD2d 871, affd 44 NY2d 971, *supra)* is distinguishable in that there the rebuttal expert whose testimony was precluded had not filed and exchanged any report whereas at bar petitioner's expert *had* filed and exchanged a report. Even if, *arguendo,* the expert's land valuation testimony in the instant case had not been stricken, petitioner would be deemed not to have made out a prima facie case because of the various deficiencies cited by the trial court with respect to petitioner's cost approach and income approach. In effect the petitioner's land valuation is insufficient and fails because it is conclusory in its statement that adjustments were made; no land valuation adjustments are set forth. Further, petitioner cites no judicial authority for use in a tax certiorari proceeding of its income approach calculations, which permit what is in effect a return for "depreciation" on the land. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.