■ In the Matter of RUSCIANO & SON CORP., Appellant, et al., Petitioners, v WILLIAM E. ROCHE, as Assessor, et al., Respondents. (Proceeding No. 1.) In the Matter of RUSCIANO & SON CORP., Appellant, et al., Petitioners, v RICHARD R. BLESSING, as Assessor, et al., Respondents. (Proceeding No. 2.)—In consolidated tax certiorari proceedings, the petitioner Rusciano & Son Corp. appeals from a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated December 7, 1984, which granted the respondents' motion to dismiss the petitions on the ground that the appraisal submitted by the petitioner Rusciano & Son Corp. failed to comply with the requirements of former 22 NYCRR 678.1.

Judgment affirmed, with one bill of costs.

At the trial of the instant tax certiorari proceedings, the appellant's appraiser conceded that he had made subjective mental adjustments to both the actual and comparable leases which he used to determine the value of the income-producing buildings situated upon the appellant's real property. He further admitted that these adjustments had not been addressed in the appraisal report which was introduced into evidence, even though these adjustments concerned significant factors such as size, the type of use for which the property is suited, the configuration of the space, fuel costs, elevator service, the obligations of the landlord and the tenant to pay real estate taxes, water charges, utilities and repairs, and location.

The trial court properly determined that the failure to include computations in support of these adjustments within the appraisal constituted a violation of the rules of this court (22 NYCRR former 678.1 [d], present 22 NYCRR 202.59 [g] [2]). The rule provides, in pertinent part, as follows: "(2) The appraisal reports shall contain a statement of the method of appraisal to be relied on and the conclusions as to value reached by the experts, *together with the facts, figures and calculations by which the conclusions were reached.* If sales, leases or other transactions involving comparable properties are to be relied on, they shall be set forth with sufficient particularity as to permit the transaction to be readily identified". (22 NYCRR 202.59 [g] [2]; emphasis supplied.)

In view of the appraiser's obvious failure to comply with this provision, the trial court did not err in striking the appraisal *(see,* 22 NYCRR former 678.1 [e], present 22 NYCRR

202.59 [h]; *Matter of Resort Home v Finance Admin.*, 81 AD2d 617, *appeal withdrawn* 54 NY2d 760; *Matter of Stoneleigh Parkway v Assessor of Town of Eastchester*, 73 AD2d 918, *lv denied* 49 NY2d 705; *see also, Matter of Peck v Obenhoff*, 84 AD2d 633). We note that even if the appraisal had not been stricken, the petitioner would nevertheless have failed to make out a prima facie case because of the omissions in question and other substantial evidentiary deficiencies in the appraisal *(see, Matter of Stoneleigh Parkway v Assessor of Town of Eastchester, supra)*. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.