■ In the Matter of ORANGE & ROCKLAND UTILITIES, INC., Appellant, v CLARA M. WILLIAMS, as Assessor of the Town of Ramapo, et al., Respondents.—In proceedings pursuant to Real Property Tax Law article 7 to review assessments (for purposes of taxation) on certain real property, and on electric transmission lines and equipment taxed as real property under Real Property Tax Law § 102 (12), owned by the peti-

tioner in the Town of Ramapo, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Palella, J.), entered January 3, 1990, dismissing the petitions for the tax years 1978/79, 1979/80, 1980/81 and 1981/82.

Ordered that the order and judgment is affirmed, without costs or disbursements.

At the trial of the instant tax certiorari proceedings, the appellant's appraiser failed to relate the tax plate numbers to the parcels described in his report. This problem continued throughout the trial making it extremely difficult, if not impossible, to locate and determine how the figures reflected in the report were arrived at. On cross-examination, the appraiser conceded that some plates representing property owned by the petitioner but not part of the filed petitions were erroneously included in the appraisal and that this would necessarily change the final valuation conclusion. There were also some pages missing from the appraisal report and discrepancies between what was filed with the court, exchanged with counsel and used by the appraiser. The appraiser was not sure what some of the material in his report referred to; admitted that there was some page duplication and testified that some of the plate numbers in his appraisal report were misdesignated. Further, he indicated that certain information in the appraisal report was taken from the petitioner's annual report and that the data relied upon is not identified or specifically referred to in the appraisal report.

The trial court properly determined that the submission of an appraisal without ascertainable or verifiable data supporting the appraiser's conclusions of value constituted a violation of 22 NYCRR 202.59 (g) (2), which provides, in pertinent part, that: "The appraisal reports shall contain a statement of the method of appraisal relied on and the conclusions as to value reached by the expert, together with the facts, figures and calculations by which the conclusions were reached". In view of the appraiser's failure to comply with this provision, the trial court did not err in striking the appraisal (see, 22 NYCRR 202.59 [g] [2]; *Matter of Rusciano & Son Corp. v Roche,* 118 AD2d 861, 861-862; *cf., Matter of Northville Indus. Corp. v Board of Assessors,* 143 AD2d 135, 136-137). Moreover, even if the appraisal had not been stricken, the petitioner would nevertheless have failed to make out a prima facie case because of the omissions in question and other substantial evidentiary deficiencies in the appraisal (see, *Matter of Johnson v Town of Haverstraw,* 133 AD2d 86, 86-87; *Matter of*

*Rusciano & Son Corp. v Roche, supra,* at 862; *Matter of Stoneleigh Parkway v Assessor of Town of Eastchester,* 73 AD2d 918). Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.