■ In the Matter of DORIS B. GULLO, Respondent-Appellant, v CHRIS SEMON, as Assessor of the Town of Colonie, Appellant-Respondent. (And Another Related Proceeding.) [696 NYS2d 554] —Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Hughes, J.), entered July 13 1998 in Albany County, which, *inter alia*, granted petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce the tax assessments on the real property owned by petitioner for tax years 1996 and 1997, and (2) from an order of said court, entered February 3, 1999 in Albany County, which granted respondent's motion to settle the record on appeal.

Petitioner challenges, as excessive, the tax assessments for 1996 and 1997 levied on her single-family residence located in an exclusive gated residential development in the Town of Colonie, Albany County. At trial, both parties stipulated to the admission of their respective appraisal reports. Petitioner's evidence consisted of the testimony of her appraiser, Mark Chestnut, and his summary appraisal report, which fixed the fair market value of petitioner's residence at $700,000. The appraiser testified that he employed both a cost approach and comparable sales approach to value the property, but relied more heavily on the comparable sales approach to reach his final conclusion. Following the testimony of Chestnut, petitioner rested. Respondent moved to strike the appraisal of petitioner and to dismiss petitioner's case for failure of proof under the standard of substantial evidence. The motions were denied and respondent rested without calling any witnesses or offering any evidence. Petitioner's motion to reopen the case to allow the introduction into evidence of respondent's appraisal was also denied. Supreme Court reduced the challenged assessment from $1,175,000 to $900,000 and respondent appealed from this judgment.

When petitioner refused to stipulate to the record on appeal, Supreme Court granted respondent's motion to settle the record finding that respondent's appraisal report should not be included in the record on appeal. Petitioner appeals from this order.

We affirm. Tax assessments are presumptively deemed valid and the burden is on the party challenging an assessment to establish that the property is overvalued (*see, Matter of Welch Foods v Town of Portland*, 187 AD2d 948; *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, 853, *lv denied* 74 NY2d 604). The

presumption of validity disappears when the taxpayer presents sufficient evidence to establish a prima facie case that the assessment is erroneous, excessive, illegal or unequal (*see, Matter of State of New York v Town of Thurman*, 183 AD2d 264, 266).

Respondent contends that petitioner's appraisal report is insufficient, failing to meet the level of detail required by 22 NYCRR 202.59 (g) (2), in that it did not contain the requisite facts, figures and calculations upon which the appraiser's opinion was based. As a result, respondent asserts that petitioner failed to overcome the presumed validity of the assessed value of the subject property.

A major reason for the rule requiring the disclosure of facts and source materials at the appraisal stage is to allow opposing counsel the opportunity to effectively prepare for cross-examination (*see, Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains*, 58 AD2d 871, 874, *affd* 44 NY2d 971). Consequently, failure to comply with the rule permits the trial court to strike the appraisal (*see, Matter of Orange & Rockland Utils. v Williams*, 187 AD2d 595; *Matter of State of New York v Town of Thurman, supra*, at 269).

Based upon our review of the record, we are satisfied that petitioner presented sufficient evidence to establish a prima facie case that the assessment was erroneous and, therefore, overcame the presumption of validity. Although petitioner's appraisal was deficient with respect to the reproduction cost less depreciation method (as Supreme Court found), the appraisal contained sufficient facts, figures and calculations regarding the comparable sales method so that respondent was not prejudiced in cross-examining petitioner and the appraisal was not so complex as to require more detail than was supplied.

We next turn to petitioner's contention that Supreme Court erred in granting respondent's motion to settle the record on appeal. Although the parties stipulated to the admission of the respective appraisal reports, neither party offered respondent's appraisal report into evidence. As such, it was not considered by Supreme Court in reaching its determination. Consequently, respondent's motion to settle the record without the inclusion of this appraisal report was properly granted.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed, without costs.