■ In the Matter of AMES DEPARTMENT STORES, INC., Appellant, v ASSESSOR OF THE TOWN OF GREENPORT et al., Respondents. [714 NYS2d 362] —Spain, J. Appeal from an order and judgment of the Supreme Court (Czajka, J.), entered January 24, 2000 in Columbia County, which, in a proceeding pursuant to RPTL article 7, granted respondents' motion to dismiss the petition at the close of petitioner's case.

Petitioner commenced separate RPTL article 7 proceedings to challenge three years of assessments for a shopping center in the Town of Greenport, Columbia County, where it is a tenant. After the parties complied with the requirements of 22 NYCRR 202.59, the proceedings were consolidated for trial. When petitioner sought to introduce the report of its appraiser, respondents questioned the appraiser regarding the source of the income, expenses and information about the leases of the other tenants of the subject property which he used in his income capitalization approach to his valuation of the property. Concluding that the income, expenses and other information concerning the property relied on by petitioner's appraiser were inadmissible hearsay, Supreme Court sustained respondents' objection to petitioner's appraisal report and, based upon the appraiser's concession that he could not form an opinion of the property's fair market value without relying on that data, dismissed the petition. Petitioner appeals.

We reverse and remit the matter for a new trial. The record establishes that petitioner's appraiser obtained the income and expenses for the property from the verified statement of income

and expenses which, pursuant to 22 NYCRR 202.59 (b), petitioner was required to serve upon respondents before a note of issue could be filed. Pursuant to 22 NYCRR 202.59 (c), respondents had 60 days after service of the statement of income and expenses to request an audit. This regulation obviously is designed to afford the other party or parties adequate time to examine and test the accuracy of the facts contained in the statement, and ultimately utilized in the appraisal. Having failed to request an audit pursuant to this regulation, respondents waived that privilege (*see*, 22 NYCRR 202.59 [c]). Given this regulatory framework specifically affording respondents the opportunity to challenge the reliability of the information relied upon in the statement prior to trial, respondents were thereafter precluded from challenging the accuracy of the information supplied by petitioner (*see*, *Matter of Georgian Ct. Apt. Masis Parseghian v Assessor of Town of Orangetown*, 182 AD2d 978, 980).* By sustaining respondents' hearsay objection to the appraiser's reliance on the income and expenses reported in the statement of income and expenses, Supreme Court permitted respondents to do indirectly that which they could not do directly—challenge the accuracy and/or reliability of the information contained in the statement of income and expenses.

An expert cannot reach a conclusion by assuming material facts not supported by evidence (*see*, *Cassano v Hagstrom*, 5 NY2d 643, 646). Here, however, petitioner's appraiser relied upon information from a verified statement of income and expenses which, by failing to timely request an audit, respondents effectively conceded was accurate and reliable. Petitioner's appraiser also relied on information contained in a lease abstract. An expert may rely on material which is of a kind accepted in the profession as reliable (*see*, *Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 726) and Supreme Court acknowledged that petitioner's appraiser, who was stipulated to be an expert, customarily based his conclusions on the type of information that formed the basis of his opinions in this case. In addition, it is apparent from respondents' appraisal report that respondents' appraiser relied on the same information utilized by petitioner's expert, including the lease abstract. In these circumstances, we disagree with Supreme Court's conclusion that

---

* Although petitioner was not the owner of the shopping center and, therefore, its books would not have substantiated the statement of income and expenses, there is nothing in the record to show that petitioner could not have produced the owner's books or that respondents' request for an audit would otherwise have been futile.

petitioner was obligated to submit independent admissible proof of the income, expenses and lease information relied on by its appraiser.

Notably, a trial court may properly strike an appraisal report where it is submitted "without *ascertainable or verifiable* data supporting the appraiser's conclusions of value" (*Matter of Orange & Rockland Utils. v Williams*, 187 AD2d 595, 596 [emphasis supplied]; *accord, Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor*, 225 AD2d 841, 843). Here, there is nothing in the record to demonstrate that the data upon which petitioner's appraiser relied was not ascertainable and verifiable. In fact, it appears that respondents' appraiser relied on the same data challenged here, and petitioner's appraisal report was sufficiently detailed and timely filed so as to provide respondents with the opportunity to adequately prepare for cross-examination. Indeed, petitioner's appraisal was filed on February 25, 1999, nearly 10 months prior to trial—ample time for respondents to prepare for testing the accuracy of the appraisal. We conclude, therefore, that Supreme Court erred in ruling as a matter of law that petitioner's appraisal report was inadmissible and in granting respondents' motion to dismiss.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial.