■ In the Matter of NORTON COMPANY, Appellant, v ASSESSOR OF THE CITY OF WATERVLIET et al., Respondents. [739 NYS2d 206] —Carpinello, J. Appeal from an order of the Supreme Court (Marinelli, J.), entered January 16, 2001 in Albany County, which, in a proceeding pursuant to RPTL article 7, granted respondents' motion to preclude the admission of certain appraisals into evidence.

Petitioner owns a 6.9-acre parcel of property in the City of Watervliet, Albany County, containing 14 buildings used in its business of manufacturing industrial abrasives. It commenced these consolidated proceedings for review of its 1997 and 1998 real property tax assessments. It is undisputed that the subject property is owner-occupied and that petitioner does not rent or lease any buildings on the premises. To this end, petitioner filed a statement pursuant to 22 NYCRR 202.59 (b) verifying that the property is "not income-producing."

On the first day of the ensuing trial, during the testimony of petitioner's appraiser, an issue arose concerning the admissibility of his appraisals. Specifically, following voir dire, respondents' attorney objected to their admissibility on basically two grounds. First, he contended that, because petitioner indicated in its 22 NYCRR 202.59 (b) statement that the property was not income-producing, the appraisals, which used an income approach to ascertain value, was based on "an incorrect factual premise." Next, counsel claimed that "for the purpose of evaluation of an industrial complex of this type, the market data or sales comparison approach is the sole germane approach" as a matter of law, citing *Matter of FMC Corp. (Peroxygen Chems. Div.) v Unmack* (92 NY2d 179) (hereinafter *Matter of FMC*).[1] Despite cogent opposing arguments from

---

1. To be sure, *no* argument was raised by respondents that petitioner's appraisal failed to comply with 22 NYCRR 202.59 (g) (*compare, Matter of Bialystock & Bloom v Gleason*, 290 AD2d 607; *Matter of Golub Corp./Price Chopper Operating Co. v Assessor of Town of Queensbury*, 282 AD2d 962; *Matter of Gullo v Semon*, 265 AD2d 656; *Pritchard v Ontario County Indus. Dev. Agency*, 248 AD2d 974, *lv denied* 92 NY2d 803; *Matter of Orange & Rockland Utils. v Williams*, 187 AD2d 595; *Matter of 50540 Realty v Tax Commn. of City of N.Y.*, 136 AD2d 699; *Matter of Rusciano & Son Corp. v Roche*, 118 AD2d 861). Upon our review of the appraisal, any such claim would have been unpersuasive in any event.

petitioner's counsel (which were preceded by additional questions to petitioner's appraiser to clear up any confusion as to whether petitioner rented or leased any portion of the property obligating it to provide respondents with a statement of income and expenses), Supreme Court reserved on the motion, directed the parties to submit memoranda and adjourned the trial. Ultimately, Supreme Court sustained respondents' objection to the appraisals being admitted into evidence, a ruling which was obviously fatal to petitioner's case. This appeal ensued.

Neither of the two grounds advanced by respondents concerning the admissibility of petitioner's appraisals has merit; accordingly, Supreme Court erred in refusing to admit them into evidence. First, we are unable to adopt respondents' contention that, because petitioner stated in its 22 NYCRR 202.59 (b) statement that the property is "not income-producing"—a phrase synonymous with rental activity in this particular context (*see, Matter of Atlantic Ref. & Mktg. Corp. v Assessor of City of Ithaca*, 246 AD2d 875, 876; *Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains*, 58 AD2d 653, 654)—its appraiser, or any appraiser for that matter,[2] was precluded from utilizing the income approach to value the property. Indeed, petitioner's appraiser was questioned extensively on this issue and unequivocally testified that, although the property was owner-occupied and not incoming-producing in the sense that no rental activity was present, it was nevertheless acceptable to utilize the income approach based on existing market data to determine its value.

Notably, such testimony is wholly consistent with the Court of Appeals' decision in *Matter of Saratoga Harness Racing v Williams* (91 NY2d 639) (hereinafter *Matter of Saratoga*). In *Matter of Saratoga*, the Court of Appeals noted that there is no fixed method for determining the market value of property, holding instead that " '[a]ny fair and nondiscriminating method that will achieve that result is acceptable' " (*id.* at 643, quoting *Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356). More to the point, however, the Court in *Matter of Saratoga* expressly *countenanced* the comparable lease income method, which was noted to be "a component of the income capitalization approach to real property valuation" (*Matter of Saratoga Harness Racing v Williams, supra* at 644) as "a valid and ac-

2.  As proof that the income approach was indeed an acceptable method to value the subject property, petitioner's counsel aptly pointed out to Supreme Court during colloquy on the motion, without objection from respondents' counsel, that respondents' *own appraisal* contained an income approach for value.

ceptable regimen to value \* \* \* owner-occupied property" (*id.* at 645).

The second ground advanced by respondents concerning the alleged inadmissibility of the appraisals—that *Matter of FMC mandated* the use of the sales comparison approach as a matter of law—is also without merit as our review of that decision reveals no such pronouncement by the Court of Appeals. To the contrary, after reiterating that the best evidence of the value of a piece of property is a recent sale of that property, a situation inapplicable here, the Court noted that the value of property can be rendered "by utilizing the comparable sales method, the capitalization of income method or the reproduction cost less depreciation method" (*Matter of FMC Corp. [Peroxygen Chems Div.] v Unmack*, 92 NY2d 179, 189, *supra*). Thus, while Supreme Court may ultimately be unpersuaded by the opinions expressed by petitioner's appraiser and find that petitioner did not meet its burden of proving an overassessment—a matter on which we express no opinion—the drastic remedy of preclusion was simply unwarranted under the circumstances of this case.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, and motion denied.