| |
|---|
| **Breitman v Tax Commn. of the City of N.Y.** |
| 2024 NY Slip Op 30440(U) |
| February 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 255475/2012 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LORI S. SATTLER**                    PART                    **02TR**

*Justice*

-----------------------------------------------------------------------------X

STEVEN BREITMAN DBA REB A

Petitioner,

- v -

THE TAX COMMISSION OF THE CITY OF NEW YORK,
AND THE COMMISSIONER OF FINANCE OF THE CITY
OF NEW YORK,

Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 255475/2012 |
| MOTION DATE | 08/25/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for                                        DISCOVERY                                        .

In this tax certiorari proceeding, the Tax Commission of the City of New York and

Commissioner of Finance of the City of New York (collectively, "Respondents") move to

compel Steven Breitman dba REB Associates ("Petitioner") to respond to their June 29, 2023

Request for Information. Petitioner opposes the motion.

Petitioner is the owner of two basement-level condominium units located in the Parc

Vendôme apartment complex on the West Side of Manhattan. The two units are designated on

the City of New York tax map as New York County, Block 1047, Lots 1012 and 1020 ("Units").

The Units are 447 and 655 square feet, respectively, but Petitioner characterizes them as having

290 and 590 usable square feet. They have no windows, and no direct street or lobby access.

Petitioner also owns a laundry room management company, Sebco Laundry, Inc. ("Sebco"),

which manages the Units as laundry rooms for building residents. Petitioner filed Petitions

pursuant to Real Property Tax Law ("RPTL") Article 7 to challenge the assessed value of the

Units for 12 consecutive tax years from 2012/2013 through 2023/2024. The parties agreed to a

**255475/2012   STEVEN BREITMAN DBA REB A vs. THE TAX COMMISSION**                    **Page 1 of 8**
**Motion No.  001**

Scheduling Order on April 4, 2023 (NYSCEF Doc. No. 5), in which they contemplated exchanging discovery demands and responses and thereafter an appraisal exchange date. Respondents then served a Request for Information, to which Petitioner objected (NYSCEF Doc. No. 12). This motion followed.

RPTL Article 7 proceedings are special proceedings and therefore discovery requires leave of court pursuant to CPLR § 408. "Because discovery tends to prolong a case, and is therefore inconsistent with the summary nature of a special proceeding, discovery is granted only where it is demonstrated that there is need for such relief" (*Town of Pleasant Valley v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 15 [2d Dept 1999]). The trial court has broad discretion in granting or denying disclosure (*id.* at 16; *see also Matter of South Cent. Plaza, Inc. v Village of Spring Valley*, 159 AD3d 915, 916 [2d Dept 2018]).

Notwithstanding the foregoing, in New York City, certain discovery in Article 7 proceedings is directed by § 202.60 of the Uniform Rules for the Supreme Court & the County Court. Subsection (c) provides that prior to the filing of a Note of Issue, a petitioner that owns an income-producing property must serve on respondents a certified statement of the property's income and expenses for each tax year under review using a specific form ("Audit Report Form"). Petitioner provided Respondents with an Audit Report Form for each tax year being challenged (NYSCEF Doc. No. 10). He concedes the Units are income-producing, and accordingly reported monthly income of $1,000 for each year and listed expenses for cleaning, appliances, gas and electrical, water, insurance, taxes, and legal expenses.

Petitioner additionally represents that the Units are not leased to a tenant and instead are owner-occupied, insofar as Sebco operates the laundry facilities in the Units and Petitioner owns Sebco (NYSCEF Doc. No. 8, Petitioner's Counsel's 6/7/22 Letter at 2; NYSCEF Doc. No. 12,

[* 2]

Petitioner's 6/29/23 Information Request at 8; NYSCEF Doc. No. 28, Petitioner's Affidavit). Respondents contend that inconsistencies on the Audit Report Forms raise questions as to the existence of a lease, but ultimately their analysis of how the Units should be valued assumes the Units are indeed owner-occupied.

Respondents now seek to compel responses to its Request for Information. In particular, Respondents request the production of Sebco's leases in other buildings where it or Petitioner manage laundry rooms in rented space. Respondents note that Petitioner voluntarily provided them with two of Sebco's leases and express concern that these leases might be "cherry picked." Respondents also seek production of documents evidencing the income and expenses involved in running a laundry business in the Units. Respondents maintain this information is necessary for it to conduct its appraisal of the Units in accordance with 22 NYCRR § 202.60(g).

Petitioner opposes the motion. He argues that only information related to income derived from the property itself is relevant to this proceeding and maintains that he has already provided this information. He argues that the leases previously provided to Respondents were disclosed for purposes of settlement discussions, and that Petitioner is not obligated to exchange leases from other properties. He further contends that the income and expense information sought relates to the business rather than the Units and therefore is irrelevant to the Units' values.

In reply, Respondents maintain that the value of a business is relevant where, as here, the property is not leased to a tenant, because the value that a tenant would pay for a space is related to the income and expenses of operating a business in that space. Respondents further maintain that the distinction between the income produced by a property and the income produced by a business run in a property is irrelevant in the context of residential laundry room leases, pursuant to which, according to Respondents, rent paid is often contingent on income generated.

**255475/2012   STEVEN BREITMAN DBA REB A vs. THE TAX COMMISSION**                                    **Page 3 of 8**
**Motion No.  001**

3 of 8

[* 3]

Respondents' Request for Leases

For purposes of real property tax assessments, commercial properties are generally valued using a methodology known as the "income capitalization approach," which calculates the value of a property's earning power based on the capitalization of its income (*Saratoga Harness Racing v Williams*, 91 NY2d 639, 644 [1998] [citations omitted]). The "comparable lease approach" is used as a component of the income capitalization approach. It requires an appraiser to determine the market rent of the subject property and then capitalize that rent to determine the property's overall value (*id.*). When a property is tenant-occupied, the existing lease might be a basis for determining market rent. However, when the property is owner-occupied, and therefore has no lease, estimated market rent "should be determined by analysis of the rent paid for other comparable properties and then imputed to the subject property" (*id.*).

In this matter, the parties agree that the comparable lease approach is appropriate. In their papers, Respondents state: "For purposes of the income capitalization approach to real property valuation, the market rate for owner-occupied space is determined by analyzing the rents for comparable space" (NYSCEF Doc. No. 30, 4). Likewise, in a letter to Respondents, Petitioner's counsel wrote: "Laundry rooms are unique spaces that cannot be compared to retail/commercial units. Since the subject laundry units are owner occupied, our imputed income analysis is corroborated by the attached redacted Laundry Room Lease between [Sebco] and another building of comparable size and vintage with a comparable number of washers and dryers" (NYSCEF Doc. No. 8, 2).

Respondents now contend that Petitioner must identify all residential building laundry rooms managed by Petitioner or his companies in New York City from 2011 to present, identify which are subject to lease agreements, and produce all laundry lease and operating agreements

**255475/2012 STEVEN BREITMAN DBA REB A vs. THE TAX COMMISSION** **Page 4 of 8**
**Motion No. 001**

for those properties that are in Manhattan. The Court finds that there is no basis to require Petitioner to produce leases for properties that are not the subject of this proceeding prior to the exchange of appraisals reports. 22 NYCRR § 202.60(g), which regulates the exchange and filing of appraisal reports provides: "[i]f sales, leases or other transactions involving comparable properties are to be relied on, they shall be set forth with sufficient particularity as to permit the transaction to be readily identified." The Court has held that "[a] major reason for the rule requiring the disclosure of facts and sources materials *at the appraisal stage* is to allow opposing counsel the opportunity to effectively prepare for cross-examination" (*Gullo v Semon*, 265 AD2d 656, 657 [3d Dept 1999] [emphasis added]). Producing source material, or leases Petitioner may not rely on in his appraisal, prior to exchange of appraisals is not contemplated by 22 NYCRR § 202.60 and is not appropriate. Whether an expert "cherry picks" comparable properties that support one party's position is an issue to be explored on cross examination at trial.

Respondents rely on *Saratoga Harness Racing* and *Matter of Hempstead Country Club v Board of Assessors*, 112 AD3d 123 (2d Dept 2013), in which the petitioners' experts each used leases of comparable properties to value an owner-occupied property. Those decisions resulted from appeals after trial and held that the comparable lease approach was a valid and acceptable valuation method under the circumstances. They do not address whether the leases relied upon, or additional leases not relied upon, were produced in discovery before the experts rendered their reports. The Court therefore finds that it is not appropriate to require a petitioner challenging a tax assessment of an owner-occupied, income-producing property to produce leases from other properties prior to the exchange of appraisal reports. Accordingly, Respondents' motion to compel production of leases is denied.

**255475/2012   STEVEN BREITMAN DBA REB A vs. THE TAX COMMISSION**
**Motion No. 001**

**Page 5 of 8**

Respondents' Request for Income and Expenses Information

With respect to additional information regarding the laundry business's income and expenses, Respondents' information request sought, *inter alia*, "historical year-by-year annual income of the laundry machines," usage statistics, financial and profit loss statements, and all expenses for the laundry machines for the relevant period. Respondents argue that 22 NYCRR § 202.60 requires Petitioner to address incomplete or overly general statements made in an Audit Report Form, and that, pursuant to CPLR §§ 408 and 3101, Petitioner should be directed to comply as the information is material and necessary to the valuation of the Units.

In opposition, Petitioner maintains he has complied with the requirements of 22 NYCRR § 202.60(c) by completing Audit Report Forms and responding to Respondents' subsequent requests made before the parties entered into a Scheduling Order. Petitioner further argues that the information is not material and necessary to the valuation of the subject property, as the information sought is income and expense information of the laundry business being operated in the Units as opposed to income and expense information of the Units themselves.

22 NYCRR § 202.60(c) requires tax certiorari petitioners to complete an Audit Report Form for each tax year only when the subject property is income-producing. "'[I]ncome producing' applies only to income produced directly by the real estate and not to income generated by a commercial business thereon" (*White Plains Property Corp. v Tax Assessor of White Plains*, 58 AD2d 653, 654 [2d Dept 1997]). To that end, 22 NYCRR § 202.60(c) further provides that "an owner-occupied business property shall be considered income-producing as determined by the amount reasonably allocable for rent . . . ."

The Court finds that 22 NYCRR § 202.60(c) does not require Petitioner to produce the requested income and expense information and that Respondents have not demonstrated that

**255475/2012   STEVEN BREITMAN DBA REB A vs. THE TAX COMMISSION**          **Page 6 of 8**
**Motion No.  001**

[* 6]

there is a need for the discovery such that Respondents' relief should be granted pursuant to CPLR § 408. The comparable lease approach, which Respondents maintain should be used, requires an appraiser to estimate market rent by analyzing rent paid for comparable properties (*Saratoga Horse Racing*, 91 NY2d at 644). Petitioner's business income and expenses are not relevant to that analysis.

Respondents further argue that the income and expenses of the business are needed for their valuation because Petitioner's net income from the business would inform an estimate of market rent, and in turn the Units' value. Respondents rely on *Matter of Mill River Club v Board of Assessors*, 48 AD3d 169, 171 [2d Dept 2007]), in which the Court acknowledged that the purchase price of an income-producing property would "depend on the net income the property will likely produce inasmuch as the purchase price represents the present worth of anticipated future benefits" (internal quotations marks and citations omitted). The subject property in that proceeding was four contiguous parcels of land totaling 123 acres in Nassau County. Petitioner owned and operated a private country club and golf course on these parcels and on five additional acres which it leased from the State of New York. The experts in that proceeding agreed that the golf course's revenue should be estimated as part of their appraisals (*id.* at 172). *Mill River Club* is factually distinguishable from this matter, which involves the valuation of two laundry rooms in the basement of a New York City condominium. Moreover, it does not hold that petitioners like the one in the instant proceeding are required to produce income and expense information for businesses they operate from their properties.

Accordingly, for the reasons set forth herein, it is hereby:

ORDERED that the motion is denied in its entirety; and it is further

**255475/2012   STEVEN BREITMAN DBA REB A vs. THE TAX COMMISSION**
**Motion No.  001**

**Page 7 of 8**

7 of 8

ORDERED that appraisals shall be exchanged on February 22, 2024 at 2:30 pm at 60 Centre Street, Room 212; and it is further

ORDERED that counsel shall appear for a settlement conference on March 4, 2024 at 2:30 pm via Teams.

This constitutes the Decision and Order of the Court.

| __2/9/2024__ | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | | |
| **CHECK ONE:** | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
| | | GRANTED | **X** | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**255475/2012   STEVEN BREITMAN DBA REB A vs. THE TAX COMMISSION**
**Motion No.  001**

**Page 8 of 8**

8 of 8

[* 8]