## In re BORDEN AVE. IN CITY OF NEW YORK. (No. 164.)

(Supreme Court, Special Term, Queens County. March 30, 1915.)

EMINENT DOMAIN &⊃231—PROCEEDINGS—CONTROL BY COMMISSIONERS—REOPENING.

Commissioners in street opening proceedings have the same control over the proceedings before them that courts have, and they will not be directed to reopen such proceedings for the admission of further evidence, unless it is shown that their refusal to do so amounts to an abuse of discretion.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 585–589; Dec. Dig. &⊃231.]

Proceeding for the opening of Borden Avenue in the City of New York. On motion for order directing the commissioners of estimate to admit further evidence in reply to the city's claim on dedication and establishment by user. Motion denied.

Agar, Ely & Fulton, of New York City (Philip B. La Roche, Jr., of New York City, of counsel), for the motion.

Frank L. Polk, Corp. Counsel, of New York City (Walter C. Sheppard and John George McCarthy, both of Long Island City, of counsel), opposed.

---

BLACKMAR, J. I have no doubt that commissioners in street opening proceedings have control over the proceedings before them. Every judicial tribunal necessarily has discretion to control proceedings before it, and any other rule would be inconsistent with orderly and efficient administration. When a claimant has closed his case and been heard in rebuttal, whether he be permitted to reopen it or not rests in the discretion of the commissioners. If such discretion is abused, it may be controlled by the court. The claimant has consumed many sessions of the commission in introducing its evidence, both on its direct case and in rebuttal. Subsequently its request to reopen the case was denied by the commissioners. Whether the denial was an abuse of discretion depends on the whole course of the trial, and also upon the nature of the evidence which the claimant wished to introduce. Nothing has been presented to me which would authorize me to hold that the discretion was abused.

The motion is denied.