BINGHAMTON URBAN RENEWAL AGENCY, Appellant, *v.* MARION E. LEVENE et al., Respondents.

Third Department, May 26, 1970.

*Lawrence A. Mucci* (*Patrick J. Raymond* of counsel), for appellant.

*Gerhart & Kuhnen* (*Richard F. Kuhnen* of counsel), for respondents.

HERLIHY, P. J.  This is an appeal from an order of the Supreme Court at Special Term, entered May 13, 1969 in Broome

County, which confirmed a report of Commissioners of Appraisal awarding the sum of $70,000 to the respondents as compensation for the condemnation of their real property and improvements located in the City of Binghamton.

The subject premises were appropriated on February 9, 1967 and consisted of about 9,300 square feet of land with a garage type structure of two floors located thereon and containing a total area of 8,900 square feet. Pursuant to the Special Rule of the Third Department, each party filed an appraisal report documenting the appraisers' evaluation of the subject premises and these were exchanged prior to trial. The report submitted by the appellant's expert established a value of $40,000 and the report on behalf of the respondents established a value of $80,000.

The appellant contends that the Commissioners erroneously applied the Special Rule by refusing to permit it to amend its appraisal report upon the trial and by considering the adjustments of respondents' comparable Sale No. 8 when, the appellant alleges, the respondents' appraisal report did not particularize the sales relied upon in making adjustments. Within its points as to the application of the Special Rule the appellant also contends that the respondents' comparable Sale No. 8 should have been stricken upon the ground of remoteness.

Subdivision (e) of the Special Rule provides for the allowance of amended or supplemental appraisal reports upon a proper application by any party to the proceeding and specifically provides: "No such application shall be entertained after the trial of the issue has been begun except in extraordinary circumstances." The Special Rule does not contain a definition of "extraordinary circumstances" and it would seem apparent that what is or is not extraordinary must be determined by the facts in each case where such an issue arises.

In the present case the appellant showed that through inadvertence it had failed prior to trial to attempt to amend its appraisal report by substituting new or additional pages therein. The record establishes that there was a total inadvertence on the part of the appellant in this regard and that its appraiser did not even see the duly exchanged respondents' appraisal report until after taking the witness stand. Mere inadvertence as shown in this case does not constitute "extraordinary circumstances" and the Commissioners properly refused to permit the amendment of the appraisal report at the trial. We note that the application of the Special Rule so as to prevent the proposed amendment of the appraisal report in this case did not preclude the introduction of sufficient evidence to determine just

compensation to the respondents as required by section 7 of article I of the New York State Constitution.

The contention of the appellant that the respondents' appraisal failed to particularize the sales relied upon in adjusting their comparable Sale No. 8 is without merit. A careful study of the respondents' appraisal report shows that the subject comparable sale has been particularized as to the property, address, grantor-grantee, date of sale, and selling price as required by subdivision (c) of the Special Rule. The Special Rule does not require the particularization of the market data relied upon in adjusting an alleged comparable sale. In any event, the other sales referred to in adjusting the comparable Sale No. 8 were comparables Nos. 1-7, which were completely particularized in the appraisal report. The fact that the Commissioners rejected the respondents' Sales Nos. 1-7 as whole to whole comparables does not mean that the Commissioners had to reject those sales as having weight in regard to the adjustment of comparable Sale No. 8.

The Commissioners expressly relied upon the market data evidence in evaluating the worth of the subject premises as of the date of condemnation and although their reliance upon a 1958 sale is somewhat questionable as to remoteness this court has repeatedly held that the weight to be afforded to evidence of comparable sales, whether it be outright acceptance or rejection, or some medium between the two, is a question of fact for the trier thereof (*Metiel Realty Corp.* v. *State of New York,* 31 A D 2d 593, 594; *Kastelic* v. *State of New York,* 29 A D 2d 803, 804). It also appears that the adjustments made by the Commissioners to a comparable sale submitted by the appellant are somewhat questionable but we do not perceive any clear error of law which would require a reversal (*Matter of Huie* [*Fletcher-City of New York*], 2 N Y 2d 168, 170–171).

The award would appear to be high but not to the extent that a new trial is required. The award is within the ambit of the testimony and appraisal reports when the record is considered as a whole and, under the present circumstances, our review does not permit interference with the discretion exercised by Special Term. (See *City of Binghamton* v. *Kramer,* 26 A D 2d 726, mot. for lv. to app. den. 18 N Y 2d 577.)

The order should be affirmed, with costs.

AULISI, STALEY, JR., COOKE and SWEENEY, JJ., concur.

Order affirmed, with costs.