Albert M. Rosenblatt, J.
This is a motion by the claimant, in a condemnation proceeding, to compel the commissioners of appraisal to make their determination on the basis of the existing record, and to preclude any consideration of newly offered information, which the county, by cross motion, seeks to introduce. The receipt of this additional offering, which *499 consists of two sets of "comparables” (i.e., studies of property sales in similar or nearby parcels), may now be accomplished only by court order, because the proof before the commissioners has long been concluded. In essence, the county is asking for a reopening of the proceedings before the commissioners, and for the amendment of their appraisal submissions in order to include the comparables. At this late stage, only the court is empowered to allow it (Home Gas Co. v Miles, 40 AD2d 896; Elmira Urban Renewal Agency v Volunteers of Amer., 39 AD2d 991).
It is undisputed that the appropriation of claimant’s land occurred on June 6, 1967. The property consists of two parcels, totaling slightly over 10 acres, taken for the purpose of extending a runway at the Dutchess County Airport and the relocation of a utility right of way. After an inordinate lapse of time — little of which is, or may be laid at claimant’s doorstep — the proceedings before the commissioners began, testimony having been taken on December 2 and 14, 1974, with both sides resting on the latter date. Thereafter, the litigants filed papers and briefs with the commissioners. In its brief, the county made its first formal allusion to the comparables, with claimant promptly moving, before the commissioners, by motion dated March 14, 1975, to exclude consideration of the comparables, on the ground that such evidence, must, by virtue of an Appellate Division, Second Department, rule (22 NYCRR 678.1 [a]) be submitted and exchanged before testimony is taken. Only "extraordinary circumstances” will excuse failure of compliance, and then only on court order will it be allowed. After having been assailed by claimant for including comparables for the first time in a brief* the county, on April 23, 1975, moved before the commissioners, to reopen the proof to include the comparables. The commissioners, by letter dated November 14, 1975, agreed to reopen the case.
*500 Ordinarily, the discretion of the commissioners should govern, for they are well equipped in its exercise. The early cases proclaim as much, even as to the irregular receipt of proof (Matter of Borden Ave. in City of N. Y., 152 NYS 786; Matter of Simmons; 58 Misc 581, 603). But while the principle still holds, it may not be expanded to collide with an Appellate Division rule (22 NYCRR 678.1 [f]) which explicitly bars the late admission of proof, absent extraordinary circumstances. The first application to the court was made by cross motion submitted January 6, 1976, over one year late. In this case the rule would serve to preclude any submission made after December 2, 1974, unless the court permits it, upon a showing of extraordinary circumstances.
There are none. The county assigns, as its reason, changes in counsel, but that is simply insufficient to justify the request, made after a year, for an additional delay, in a case which is already over eight years old. The "lack of office continuity” is not even good cause, much less extraordinary circumstances, to excuse compliance with an express mandate. (People v Briggs, 38 NY2d 319.)
The rules for the pretrial exchange of appraisal data are essentially discovery measures. Pursuant to CPLR 3140, the Appellate Division adopted rules dealing with these exchanges, and the price of noncompliance. (First Department, 22 NYCRR 660.18; Second Department, 22 NYCRR 678.1; Third Department, 22 NYCRR 839.3; Fourth Department, 22 NYCRR 1024.24; Court of Claims, 22 NYCRR 1200.27.) While the Second Department has not yet decided the point, the Appellate Division, Third Department, has held that the rules (which, owing to their common source may be read in pari materia) are to be rigidly enforced (Binghamton Urban Renewal Agency v Levene, 34 AD2d 241; Laken Realty Corp. v State of New York, 37 AD2d 885; Leider v State of New York, 36 AD2d 788).
The taking occurred over eight years ago, and claimant has not been compensated. It is fundamental that the taking of private property must be upon just compensation. (NY Const, art I, § 7.) The constitutional mandate would be abrogated if claimant — quite apart from the disclosure and preclusion provisions of 22 NYCRR 678.1 — were made to undergo another round, with the correlative expenses which he would have to incur, in order to challenge (as he undoubtedly would), the merits of evidence which is being submitted in a manner *501 not unlike an offer of proof made appreciably after a jury has been sent out to deliberate.
In short, the plaintiff has fallen far short of establishing extraordinary circumstances (Farrington v State of New York, 33 AD2d 731, mot for lv to app dsmd 27 NY2d 531; Davis Constr. Corp. v State of New York, 42 AD2d 655).
Accordingly, the defendant’s motion is granted, and plaintiff’s cross motion is denied. The commissioners are directed to reach a prompt determination on the basis of the evidence and information before them, as of the time of the last submission, exclusive of the Quiet Acres and Westchester County Airport comparables.

 Claimant objected, on the ground that the inclusion of comparables, in a brief, dehors the record, is improper. Strictly speaking, it is (e.g., People v Warren, 25 AD2d 676), but the practice in proceedings before the commissioners is somewhat more relaxed than it is before courts of law, some early cases going so far as to suggest that commissioners need not adhere scrupulously to rules of evidence, and may rely on information obtained in any matter whatever, even independent of the evidence produced by the parties (e.g., Matter of Simmons [Ashokan Reservoir], 132 App Div 574; 17 Carmody-Wait, 2d, NY Prac, § 108:189, p 533). More recent cases do not go so far and require a record basis to sustain commissioners’ determinations (City of Binghamton v Koffman, 28 AD2d 1071) — a rule which would be rendered meaningless if the discovery provisions of 22 NYCRR 678.1 were ignored.