OPINION OF THE COURT
Loren N. Brown, J.
In this condemnation proceeding the defendant, Helen Duell, moves by notice of motion and supporting affidavit, both dated April 5, 1978, for permission to amend defendant’s appraisal report herein. Said report was filed upon the hearing of this matter with the duly appointed Commissioners of Appraisal pursuant to rule 839.3 (e) of the Rules of the Appellate Division, Third Department (22 NYCRR 839.3 [e]). Plaintiff, by reply affidavit dated May 19, 1978, opposes the motion. Oral arguments were heard at the May 19, 1978 Special Term of this Court.
The facts of this case are not in dispute insofar as the instant proceeding is concerned. On July 23, 1975 plaintiff obtained and filed a judgment of condemnation against defendant’s property. By stipulation the parties agreed that July 23, 1975 was to be the date of the taking. A condemnation *63 hearing was duly commenced before the Commissioners of Appraisal on November 17, 1977. At the hearing, Howard Cline, Jr., a real estate appraiser, testified on behalf of the defendant and filed defendant’s only appraisal. The defendant urges that by oversight, not discovered until the day of the hearing, the defense appraisal improperly related to the value of the property as it existed on October 14, 1976, and included improvements not present at the date of taking. The hearing was adjourned for the weekend, and on the following Monday, the defendant attempted to submit a supplemental and amended appraisal, which was rejected until the instant application was made.
Defendant now seeks permission to amend the appraisal to relate back to the date of the taking pursuant to the aforesaid rules of the Appellate Division, Third Deparment. Without amendment, the defendant could fail to prove his contention as to the value of the property upon the date of the taking.
Defendant urges that the amendment would be limited to a simple calculation adjusting the appraisal. Plaintiff urges that the defendant has failed to show any extraordinary circumstances which would entitle him to the relief that he seeks, and that to allow amendment would substantially prejudice plaintiff.
The pertinent rule, 839.3 (e) of the Rules of the Appellate Division, Third Department, allows the court to approve the filing of an amended appraisal upon the showing of "good cause”, and the real issue before the court is whether or not "good cause” exists under the instant circumstances.
Since "good cause” is not defined by the rules, every case must be taken on its individual facts. (Binghamton Urban Renewal Agency v Levene, 34 AD2d 241.)
Plaintiff draws the court’s attention to Amsterdam Urban Renewal Agency v Jacobson (85 Mise 2d 869), which appears to disapprove of the allowing of an amendment after the commencement of the hearing in situations where the appraisal is inartfully drafted.
The court concludes that the Amsterdam Urban Renewal Agency decision is applicable, and without the showing Of extraordinary circumstances, leave to amend should be denied. There is a failure to demonstrate "good cause” or "extraordinary circumstances”; accordingly, the motion is, in all respects, denied, without costs.