■ In the Matter of ALGONQUIN GAS TRANSMISSION COMPANY, Appellant, v CLARA M. WILLIAMS, as Assessor of the Town of Ramapo, et al., Respondents. — In consolidated proceedings pursuant to article 7 of the Real Property Tax Law to review assessments for purposes of real property taxation made for the tax years 1978 through 1981 on certain pipelines within the tax district of the Town of Ramapo, petitioner appeals (1) from a judgment of the Supreme Court, Rockland County (Burchell, J.), dated February 16, 1983, which dismissed the proceedings, after the close of petitioner's case; and (2) as limited by its brief, from so much of an order of the same court, entered March 24, 1983, as, upon granting petitioner's motion for reargument, adhered to its original determination to dismiss the proceedings.

Appeal from the judgment dated February 16, 1983 dismissed. Said judgment was superseded by the order dated March 24, 1983, made upon reargument.

Order affirmed, insofar as appealed from.

Respondents are awarded one bill of costs.

Petitioner owns and operates a natural gas underground pipeline system which runs through parts of the States of New Jersey, New York, Connecticut, Rhode Island and Massachusetts.

At the inception of the trial, the parties stipulated that the portion of petitioner's pipeline running through the Town of Ramapo was as follows:

| | | |
|---|---|---|
| 30-inch pipeline | - | 40,841 lineal feet |
| 26-inch pipeline | - | 35,536 lineal feet |
| 4-inch pipeline | - | 600 lineal feet |

By virtue of section 102 of the Real Property Tax Law, the pipeline is deemed to constitute real property. For the tax years in issue, the Town of Ramapo assessed at full value. It assessed the subject pipeline as six individual, separate tax plates, viz., 3B, 3C, 4A, 4B, 5A and 5B. For the first three years in issue petitioner served and filed a separate petition pursuant to article 7 of the Real Property Tax Law for each plate, challenging the assessment of each plate. For the tax year 1981, petitioner filed one petition identifying the six plates and the assessments thereof. For each tax year in issue the relevant petition identifies the tax plate, states the assessment of that plate and alleges the specific amount of overvaluation for that plate.

Petitioner's written appraisal, however, states, for each of the four tax years under review, the total value of petitioner's taxable property, i.e., it states a bulk gross valuation and not a valuation for each plate. At the trial, an expert for petitioner conceded that the report does not contain individual valuations for the separate tax plates; he stated that "the assignment here was the total property". Accordingly, the town objected to the introduction of that appraisal report into evidence, contending that the failure to make a per plate valuation breakdown violates rule 678.1 of this court (22 NYCRR 678.1) governing the exchange of appraisal reports.

The trial court allowed the report into evidence, subject to the court's reservation of decision on the town's motion to exclude it. It is to be noted that on redirect examination, the expert testified to the effect that there is a mechanical method by which the valuations per tax plate can be computed: "A. If I may recap, it would be the mechanical application of a ratio. The ratio would be the ratio of the appraised valuation of the property as a unit compared with the total assessment of each of the plates added up for each individual year. That ratio then applied to any individual plate would determine the value of the property included in that plate number. It is a mechanical, simple mechanical operation".

However, the trial court drew from him the following concession:

"THE COURT: There is no such ratio computation in your report, is there?

"THE WITNESS: There is not, no, sir".

A second expert, who contributed to the subject appraisal report, testified that:

"A. It would be along the same lines that [petitioner's other expert] testified previously, that is, a ratio of the assessed value to the found value or determined value in the appraisal.

"Q. And this would result in a separate figure for each plate?

"A. That would result in a valuation for the property contained in each plate, yes, sir".

He similarly conceded, however, that there was no ratio contained in the report.

At the conclusion of the testimony of these experts, petitioner rested, and the Town Attorney moved to dismiss on the ground that by virtue of the alleged violation of rule 678.1, petitioner had failed to make out a prima facie case, and, assuming, *arguendo*, it had done so, petitioner had not made out a case by a

fair preponderance of the evidence. Prior to the court rendering its decision, petitioner submitted a memorandum purporting to show how the "mechanical" formula testified to by its experts could be utilized to obtain per plate valuations. In the memorandum, petitioner sought leave to file a supplemental report stating the appraised value for each plate for each year.

This methodology set forth in the memorandum was to total the town-imposed assessed valuations for the year in issue, divide that total into the total valuation reported by petitioner's experts for that year, derive an "appraisal factor", then, multiply that appraisal factor times the assessed value for each plate and thus derive an appraised value for the particular plate and year. The following is one example:

"PLATE BY PLATE APPRAISED VALUES — 1977

| "Plate Number | Ramapo's Assessed Value | (Multiplied by) | Appraisal Factor[*] | | Appraised Value for Plate (rounded) |
|---|---|---|---|---|---|
| "3 B | $ 130,400.00 | × | .515 | = | $ 67,200.00 |
| "3 C | 398,300.00 | × | .515 | = | 205,200.00 |
| "4 A | 668,500.00 | × | .515 | = | 344,300.00 |
| "4 B | 980,500.00 | × | .515 | = | 505,000.00 |
| "5 A | 222,800.00 | × | .515 | = | 114,700.00 |
| "5 B | 356,600.00 | × | .515 | = | 183,600.00 |
| | "$2,757,100.00 | × | .515 | = | $1,420,000.00 |

"[*] Petitioner's total appraised value of $1,420,000.00 divided by the total assessed value of $2,757,100.00 = .515".

In the effect, petitioner's experts utilize the alleged assessed value (although the assessed values are *in issue* in these proceedings), conclude from their appraisal that the "proper" total assessment for the year is 51.5% of the assessed value, and that therefore the *per plate* assessment should be 51.5% of the official per plate assessment. None of the methodology in the memorandum had been set forth in petitioner's appraisal report.

The trial court granted the motion to dismiss. Petitioner then moved for reargument seeking to apply to its bulk valuation the assessment apportionment allegedly utilized by the town. Thus, petitioner sets forth the total assessment for the year in issue and the per plate assessment for that year, calculates the plate's *per cent* of the total assessment, and states: "9. the method of apportionment employed by Respondents is implicit in its [*sic*] assessments of the Algonquin Pipeline, and is part of the record before this Court. In each of the tax years in question, Respondents apportioned the Algonquin Pipeline by assigning 5% of

the value of the pipeline to plate 3B, 14% to plate 3C, 24% to plate 4A, 36% to plate 4B, 8% to plate 5A and 13% to plate B [*sic*]. This apportionment is virtually identical to the apportionment of value made by Algonquin in its annual filing of Petitions. Algonquin accordingly does not challenge the apportionment, only the value Respondents assigned to the Algonquin Pipeline".

None of the methodology set forth on reargument, however, had actually been a part of the appraisal report of petitioner's experts, and the trial court, though granting reargument, adhered to its original decision to dismiss.

We find no basis for disturbing the determinations under review.

The alleged "mechanical" method of deriving per plate valuations testified to by petitioner's experts *after* the appraisal report had been offered into evidence and objected to, the methodology set forth in petitioner's supplemental memorandum, and the methodology set forth on reargument were clearly not set forth in petitioner's written appraisal, required use of and reliance upon the town's assessment figures, and was not reasonably foreseeable from the petitioner's written appraisal.

Accordingly, the appraisal report exchanged prior to trial was in violation of rule 678.1 (see *Matter of White Plains Props. Corp. v Tax Assessor of City of White Plains,* 58 AD2d 871, affd 44 NY2d 971).

Finally, on the facts of this case, we find lacking the "extraordinary circumstances" required for leave to file a supplemental report (22 NYCRR 678.1 [f]).

Accordingly, the order should be affirmed, insofar as appealed from. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.