■ JERRY SPIEGEL et al., Appellants, v BOARD OF ASSESSORS et al., Respondents. (Proceeding No. 1.) JOSEPH B. MOHR, Appellant, v BOARD OF ASSESSORS et al., Respondents. (Proceeding No. 2.)—Appeals by the petitioners from an order of the Supreme Court, Nassau County (McGinity, J.), entered August 4, 1988, which, in separate proceedings pursuant to RPTL article 7 to review their real property tax assessments for the 1987-1988 tax year, denied their respective motions for partial summary judgment declaring the challenged assessments to be arbitrary and capricious, void and illegal and confiscatory

due to the destruction of the improvements on their respective lots.

Ordered that the order is modified, on the law, by adding thereto a provision which, upon searching the record *(see,* CPLR 3212 [b]), awards partial summary judgment in each proceeding in favor of the respondents the Board of Assessors and the Board of Assessment Review of the County of Nassau dismissing the petitions to the extent that they challenge the subject real property tax assessments as arbitrary and capricious, void and illegal, and confiscatory on the ground that the improvements on the petitioners' respective lots were destroyed subsequent to the taxable status date; as so modified, the order is affirmed, with costs to the respondents.

We find unpersuasive the petitioners' contention that the destruction by fire of the improvements on their properties subsequent to the applicable taxable status date *(see,* RPTL 302; Nassau County Administrative Code § 6-2.1; L 1939, ch 272, as amended), but prior to the preparation of the final assessment roll, mandates a reduction in the assessed values of their respective parcels. The petitioners are mistaken in their understanding of the significance of the dates May 1 and August 1 in connection with real property tax assessment in Nassau County. May 1 is both the taxable status date *(see,* Nassau County Administrative Code § 6-2.1; L 1939, ch 272, as amended) and the date on which the tentative tax roll is promulgated. Due process requires that there be a period of time subsequent to promulgation of the tentative tax roll during which taxpayers are afforded an opportunity to file for administrative review alleging illegality, inequality or overvaluation, and to permit the respondent Board of Assessment Review of the County of Nassau to rule on these challenges. August 1 is set as the date for promulgating the final tax roll (Nassau County Administrative Code § 6-19.0) which must set forth the value of all property as of the taxable status date, May 1. As we noted in *Matter of Northville Indus. Corp. v Board of Assessors* (143 AD2d 135, 139): "once the assessment roll is established, it is presumed to be correct and free of error *(see, Matter of Sterling Estates v Board of Assessors,* 66 NY2d 122, *rearg denied* 66 NY2d 1036; *Farash v Smith,* 59 NY2d 952) and the taxpayer has the burden to explain why and to establish how his property was improperly assessed *(see, Matter of Sterling Estates v Board of Assessors, supra; Matter of Barnum v Srogi,* 54 NY2d 896)". The petitioners failed to sustain this burden on their motions for partial summary judgment. Contrary to their contention, the taxable

status date employed by the respondents is not tentative, as the value of real property is required to be assessed "according to its condition and ownership as of [the taxable status date]" (RPTL 302 [1]; *see, Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena,* 146 AD2d 851; *Matter of Adirondack Mountain Reserve v Board of Assessors,* 99 AD2d 600, *affd* 64 NY2d 727). Events occurring after the taxable status date, including the destruction of improvements, do not affect the assessed value of the property for that tax year *(see,* 23 Opns St Comp, 1967, at 375; 19 Opns St Comp, 1963, at 11). The purpose of this rule is "to achieve a degree of stability and certainty in the tax structure, inasmuch as the budgetary requirements of local municipalities are predicated on the assessment roll. The taxable status date serves as a cutoff date to fix the value of all assessable real property as of one certain date and cannot be construed to embrace a shifting period" (3 Opns Counsel SBEA No. 3-108). Accordingly, the petitioners are not entitled to a reduction in the assessed values of their properties by reason of the destruction of the improvements thereon which occurred subsequent to the taxable status date.

Similarly unavailing is the petitioners' claim that their properties should be excepted from the foregoing rule due to extraordinary circumstances (i.e., the destruction of the improvements by fire). There is no statute or other authority recognizing such an exemption *(cf.,* RPTL 520).

We have considered the petitioners' contention that the assessments are confiscatory and violative of their substantive due process rights and find it to be without merit.

Finally, inasmuch as we are empowered to search the record on these motions for partial summary judgment by the petitioners *(see,* CPLR 3212 [b]), we find that there are no triable issues of fact raised on these motions, and we therefore award partial summary judgment in favor of the respondents dismissing the petitions to the extent that they seek review of the challenged assessments on the ground that the improvements on the subject lots were destroyed. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.