■ In the Matter of R.J. TAYLOR BUILDERS, INC., Appellant, v CITY OF SARATOGA SPRINGS BOARD OF ASSESSMENT REVIEW, Respondent. (And Another Related Proceeding.) [694 NYS2d 219] —Mikoll, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered April 9, 1998 in Saratoga County, which, *inter alia*, in two proceedings pursuant to RPTL article 7, granted respondent's motion to dismiss the petitions due to petitioner's failure to file a timely appraisal report.

Petitioner commenced two tax certiorari proceedings seeking review of the tax assessments on its property in the City of Saratoga Springs, Saratoga County. The first petition, filed in September 1996, related to the 1996 tax year and sought review of assessments on 21 building lots; the second petition, filed in September 1997, sought review of 15 of the same lots for the 1997 tax year.

According to petitioner, at a preliminary conference in December 1996, Supreme Court ordered the parties to exchange appraisal reports by June 1, 1997. Respondent maintains that

the court set no such deadline, but rather directed the parties to submit preliminary reports for settlement purposes. In any event, on May 30, 1997, petitioner provided respondent with an opinion letter from an appraisal service. This letter rendered an "opinion of comparability of assessments" but explicitly stated that no appraisal of the subject lots had been performed. Thereafter, respondent requested an extension to serve and file its appraisal, and over petitioner's objection Supreme Court set October 15, 1997 as the filing deadline, stating, "No further extensions will be granted."*

On October 15, 1997, respondent served and filed its appraisal report and subsequently moved to dismiss both petitions on the ground that petitioner failed to file a timely appraisal report and that the opinion letter served in May 1997 failed to meet the requirements of 22 NYCRR 202.59. Petitioner cross-moved for additional time to supplement its appraisal. Supreme Court dismissed both petitions, prompting this appeal.

The 1996 petition was properly dismissed. It is uncontroverted that as of October 15, 1997, petitioner had not filed an appraisal report with the clerk of the court as required by 22 NYCRR 202.59 (g) (1) (i). The opinion letter, which petitioner served on respondent on May 30, 1997 and eventually filed with Supreme Court in January 1998, did not constitute an appraisal within the meaning of 22 NYCRR 202.59 (g) (2), which requires that such reports "contain a statement of the method of appraisal relied on and the conclusions as to value reached by the expert, together with the facts, figures and calculations by which the conclusions were reached". The letter itself recited that its author had not completed an appraisal on any of the lots in question. While the court may, for good cause shown, excuse a party's default in the service of an appraisal report, and extend the time therefor (see, NYCRR 202.59 [h]), we are not persuaded that Supreme Court abused its discretion in denying petitioner's request for this relief. Petitioner's counsel's representation that he was unaware of the filing requirement of 22 NYCRR 202.59 notwithstanding, the fact remains that the 1996 petition was filed in September 1996, and the ap-

---

* We note that while Supreme Court's letter directive refers only to respondent's request for an extension until October 15, 1997, respondent takes the position that by virtue of the court's caution that "No further extensions will be granted," this deadline applied to both parties. We further note, however, that petitioner's opposition to respondent's request for an extension is consistent with its contention that the court earlier set a deadline of June 1, 1997, evincing its intent to rely solely on the May 30, 1997 opinion letter.

praisal, deficient in any event, was not filed until January 1998, in violation of the court's directive that no further extensions beyond the October 15, 1997 deadline would be granted. Lacking an appraisal and expert testimony to overcome the presumptive validity of challenged assessments, dismissal of the 1996 petition was warranted (*see, Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor*, 225 AD2d 841, 845-846).

We reach a different conclusion with respect to the 1997 petition. Petitioner has consistently maintained that Supreme Court initially set June 1, 1997 as the deadline for filing appraisal reports. While disagreeing, respondent acknowledges that the October 15, 1997 deadline was established in the court's letter directive issued on July 22, 1997. In either case, the deadline could not have affected the 1997 proceeding, which was not commenced until September 1997. Respondent's arguments to the contrary, based on what it alleges to be the common practice of the court, the understanding of the parties and discussions from a July 1997 conference, are not supported by the record. Consequently, the procedural and substantive defects justifying dismissal of the 1996 proceeding do not apply to the 1997 proceeding, and that petition should be reinstated.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondent's motion dismissing the petition for the 1997 tax year; motion denied to that extent; and, as so modified, affirmed.