Matter of SKM Enters., Inc. v Town of Monroe (2004 NY Slip Op 50138(U))

[*1]

Matter of SKM Enters., Inc. v Town of Monroe

2004 NY Slip Op 50138(U)

Decided on March 12, 2004

Supreme Court, Orange County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2004

Supreme Court, Orange County
IN THE MATTER OF THE APPLICATION OF SKM ENTERPRISES, INC., Petitioner,
against
THE TOWN OF MONROE, a Municipal Corporation, its ASSESSOR and BOARD OF REVIEW and the MONROE-WOODBURY CENTRAL SCHOOL DISTRICT, Respondents.
Index No: 5157/97

Gerard J. Pisanelli, Esq.
Attorney for Petitioner
2 Cannon Street
Poughkeepsie, N.Y. 12601-3224
David R. Murphy, Esq.
Attorney for Respondents
7 Airport Park Blvd.
P.O. Box 104
Latham, N.Y. 12110-0104

THOMAS A. DICKERSON, J.
 THE RECYCLED APPRAISAL
The Petitioner, SKM Enterprises, Inc. [ " SKM " ], is the owner of real property consisting of, approximately, 3.2 acres located at 550 State Route 17M in the Town of Monroe, Orange County, New York. [ Town of Monroe parcel 206-2-1.1 ]. Located on the property is a bowling center, the once popular Monroe Bowl-O-Fun [ " the Bowl-O-Fun " ], originally erected in the mid-1950's with renovations and additions made in 1994. Unfortunately, for the fun loving bowlers of Orange County and beyond the Bowl-O-Fun burned down in July of 1997 and to this day remains a charred and empty reminder of the good old days.
[*2]Challenging The Assessments Of 1996 And 1997
The year before and immediately after the fire SKM challenged, pursuant to R.P.T.L. Article 7, the tax assessments made by the Town of Monroe. In July of 1996 SKM commenced a Tax Assessment Review Proceeding [ " the 1996 Tax Proceeding " ] by filing a Notice of Petition and Petition dated July 29, 1996. However, SKM failed to file a Note of Issue placing its 1996 Tax Proceeding on the trial court calendar " within four years from the date of ( its )
commencement " as required in R.P.T.L. § 718. As a result SKM's 1996 Tax Proceeding [ and underlying Notice of Petition and Petition ] was " dismissed on the merits and with prejudice " in the February 2, 2001 Order of the Honorable Peter P. Rosato, J.S.C.[FN1].
In July of 1997 SKM commenced a Tax Assessment Review Proceeding [ " the 1997 Tax Proceeding " ] after the timely filing of a Notice of Petition and Petition. SKM also timely filed a Note of Issue placing its 1997 Tax Proceeding on the trial calendar.
SKM Recycles Its 1996 Appraisal
Evidently, in preparation for its 1996 Tax Proceeding, SKM retained the services of an appraiser, Michael J. Bernholz, CCIM, SRA, MAI, [ " Bernholz " ] of the Hudson Valley Appraisal Corporation to prepare an appraisal of the fair market value of the Bowl-O-Fun which he did " As Of: January 01, 1996 "[FN2] [ " the 1996 Appraisal " ]. After its 1996 Tax Proceeding was dismissed SKM decided to recycle its 1996 Appraisal, without modification, in its 1997 Tax Proceeding. SKM filed and sent a copy of its 1996 Appraisal, pursuant to 22 N.Y.C.R.R. § 202.59(g), to Respondents' representative on February 3, 2003 [ " It is our understanding that the function of this appraisal is for tax assessment evaluation purposes...the appraisal addresses the fair market value...of the fee simple interest in the property, in its ' as-is ' condition, as of January 1, 1996 " ][FN3].

The 1997 Tax Proceeding: The Trial
SKM's use of its recycled 1996 Appraisal in the 1997 Tax Proceeding was not addressed by the parties at the November 2, 2003 Pre-Trial Conference before this Court or in Respondents' Pre-Trial Memorandum or at the beginning of a one day non-jury trial held on January 8, 2004. At the trial SKM presented as documentary evidence of the fair market value of the Bowl-O-Fun as of January 1, 1997
[ the required valuation date as mandated by R.P.T.L. § 301 ] and as of March 1, 1997 [ the correct taxable status date as mandated by R.P.T.L. § 302 ], its recycled 1996 Appraisal with a [*3]valuation date of January 1, 1996. Mr. Bernholz testified on behalf of SKM, discussed his 1996 Appraisal and conceded that it contained nothing new to reflect any changes in fair market value of the Bowl-O-Fun between January 1, 1996 and January 1, 1997.
 Mr. Bernholz, however, was of the opinion that there would be no difference between the fair market value of the Bowl-O-Fun he determined as of January 1, 1996 in his 1996 Appraisal and the fair market value he might have determined, but did not, as of January 1, 1997. Mr. Bernholz's testimony of no change in fair market value over a twelve month period, unsupported by an additional appraisal, was disingenuous, at best, given the numerous references [FN4] made in his 1996 Appraisal to the dynamic nature of the real estate market in the Orange County, New York area resulting in an obvious upward pressure on real estate values in the vicinity of the Bowl-O-Fun.
The Recycled Appraisal Draws A Trial Motion To Dismiss
At the end of SKM's case the Respondents made a motion " to strike the appraisal report of petitioner's expert...and for dismissal of the underlying judicial notice and petition upon the merits " because SKM " has failed to provide competent, direct proof of the market value of the ( Bowl-O-Fun ) as of the correct uniform valuation ( January 1, 1997 ) and taxable status ( March 1, 1997 ) dates "[FN5]. This Court reserved its decision on the threshold sufficiency of SKM's appraisal, completed the trial and directed Respondents' counsel to submit a formal motion seeking dismissal on the grounds aforesaid [ See e.g., Matter of Algonquin Gas Transmission Co. v. Williams, 104 A.D. 2d 803, 804, 480 N.Y.S. 2d 229 ( 2d Dept. 1984 )( " The trial court allowed the report into evidence, subject to the court's reservation of decision on the town's motion to exclude it. " ]. The Respondents' have filed their anticipated motion seeking a dismissal of SKM's 1996 Appraisal and the 1997 Tax Proceeding.
SKM's Cross Motion To Amend Its 1996 Appraisal
In response SKM has made a cross motion seeking to " amend the date of the appraisal report of its expert Michael J. Bernholz...from January 1, 1996 to January 1, 1997 since it was a clerical error subject to correction and based on the facts and circumstances of the case ". Besides [*4]seeking relief from a " mistake which was caused by the fact that the earliest year for which a petition was filed was for the year 1996 "[FN6], SKM also invokes the doctrines of waiver and estoppel based upon the apparent inaction of the Respondents until the close of SKM's case at trial. Specifically, SKM asserts that Respondents " waived the wrong valuation date of January 1, 1996 when ( its attorney ) failed to and apparently consciously decided not to raise it as an objection at the pre-trial conference held on November 2, 2003 "[FN7], failed to mention it in their Pre-Trial Memorandum and " put the Court through a trial which would not have been necessary had the consequences of the mistake been brought out ( earlier ) "[FN8]. Respondents deny any conduct which would form a basis for a finding of either waiver or estoppel [FN9].
No Evidence Of A " Mistake " Or " Clerical Error "
Notwithstanding the use of the words " clerical error " and
" mistake " in SKM's Cross Motion no evidence has been presented that any such error exists [FN10]. Conspicuously absent from SKM's Cross Motion is an affidavit from Mr. Bernholz stating that he made a mistake, that the January 1, 1996 valuation date was a clerical error and that it should have been January 1, 1997 [FN11]. Such an affidavit would, of course, contradict Mr. Bernholz's testimony at trial that his recycled 1996 Appraisal reflected fair market value of the Bowl-O-Fun as of January 1, 1996 and that he did nothing to update it to reflect any changes in fair market [*5]value from January 1, 1996 to January 1, 1997, the proper valuation date for the 1997 Tax Proceeding.
DISCUSSION
Stated, simply, can an appraisal reflecting fair market value of real property as of January 1, 1996 be recycled, without modification, and presented in a 1997 Tax Assessment Review Proceeding as evidence of fair market value as of January 1, 1997?
The Proper Valuation And Taxable Status Dates
R.P.T.L. § 301 states, in part, that " All real property subject to taxation, and assessed as of a March first taxable status date, shall be valued as of the preceding first day of January ". R.P.T.L. § 302 states, in part, " The taxable status of real property in cities and towns shall be determined annually according to its condition and ownership as of the first day of March and the valuation thereof determined as of the applicable valuation date ".
And 22 N.Y.C.R.R. § 202.59[h] states, in part, that " Upon the trial, expert witnesses shall be limited in their proof of appraised value to details set forth in their respective appraisal reports. Any party who fails to serve an appraisal report as required by this section shall be precluded from offering any expert testimony on value...".
The Appraisal Must Conform To The Statutory Dates
SKM's appraisal of the fair market value of the Bowl-O-Fun in its 1997 Tax Proceeding should have been as of the proper valuation date of January 1, 1997 and correct taxable status date of March 1, 1997 [ See e.g., Matter of Northville Industries Corp. v. Board of Assessors of Town of Riverhead, 143 A.D. 2d 135, 136-137, 531 N.Y.S. 2d 592, ( 2d Dept. 1988 )( " Both of the board's experts violated the cardinal principal of valuation that real property should be valued according to its condition on each tax status date ( RPTL § 302(1) )...For these and other evidentiary deficiencies the trial court should have granted the petitioner's motion to strike the board's appraisal...( pursuant to ) now 22 NYCRR § 202.59[h] " ); Spiegel v. Board of Assessors, 161 A.D. 2d 627, 629, 555 N.Y.S. 2d 811 ( 2d Dept. 1990 )( " the taxable status date...is not tentative, as the value of real property is required to be assessed ' according to its condition and ownership as of [ the taxable status date ]' ( RPTL 302[1]...' The taxable status date serves as a cutoff date to fix...value...and cannot be construed to embrace a shifting
period '" ); Matter of General Motors Corp. v. Assessor of the Town of Massena, 146 A.D. 2d 851, 536 N.Y.S. 2d 256, 257-258 ( 3d Dept.
1989 )( " Since value is to be determined on the basis of the condition of the subject property according to its state on the taxable status date, not on the basis of some use contemplated in the future " ); Matter of Adirondack Mountain Reserve v. Board of Assessors of Town of North Hudson, 99 A.D. 2d 600, 471 N.Y.S. 703, 705 ( 3d Dept. 1984 )( " Value is determined by assessing the condition of the property according to its state on the taxable status date, without regard to future potentialities or possibilities..." )].
[*6]SKM's Recycled Appraisal Must Be Stricken
SKM's appraisal does not reflect the proper valuation date of January 1, 1997 or the correct taxable status date of March 1, 1997 and, hence, must be stricken [ See e.g., Matter of Northville Industries Corp. v. Board of Assessors of Town of Riverhead, supra
at 143 A.D. 2d 136-137 ( "... the trial court should have granted the petitioner's motion to strike the board's appraisal...( pursuant to ) now 22 NYCRR § 202.59[h] " ); Matter of Rusciano & Son Corp. v. Roche, 118 A.D. 2d 861, 500 N.Y.S. 2d 347, 348 ( 2d Dept. 1986 )( " In view of the appraiser's obvious failure to comply with this provision, the trial court did not err in striking the appraisal...( pursuant to ) present 22 NYCRR 202.59[h]...We note that even if the appraisal had not been stricken, the petitioner would nevertheless have failed to make out a prima facie case because of the omissions in question " ); Matter of Stoneleigh Parkway, Inc. v. Assessor of the Town of Eastchester, 73 A.D. 2d 918, 423 N.Y.S. 2d 246 ( 2d Dept. 1980 )( petition dismissed after " petitioner's case was presented by entering its expert's written appraisal into evidence and resting after cross-examination of that witness " )].
Waiver & Estoppel Arguments Are Without Merit
SKM asserts that Respondents' waived their right to challenge
" the wrong valuation date of January 1, 1996 " by failing to raise this issue prior to the close of SKM's proof at trial. This argument is utterly without merit for the following reasons. First, the Respondents did not waive or stipulate to the waiver of the SKM's compliance with R.P.T.L. §§ 301, 302 and 22 N.Y.C.R.R. § 202.59[h] requiring that its appraisal reflect a valuation date of January 1, 1997 and a taxable status date of March 1, 1997 [ See e.g., Matter of Pherbo Realty Corp. v. Town of Fishkill, 104 A.D. 2d 1037, 1038, 481 N.Y.S. 2d 110 ( 2d Dept. 1984 )( " The record does not establish any stipulation between the parties specifically extending the period in which petitioner had to file a note of issue..." ); Bergman v. Horne, 100 A.D. 2d 526, 528, 473 N.Y.S. 2d ( 2d Dept. 1984 )( " no stipulation was entered into between the parties concerning the four-year limitation " )]. Second, there is no basis for the application of the doctrine of equitable estoppel [ See e.g., Matter of LaFarge v. Town of Makakating, 257 A.D. 2d 752, 753, 683 N.Y.S. 2d 344 ( 3d Dept. 1999 )( " Nor are we persuaded that respondents are estopped from relying on RPTL former 718, due to their delay in seeking relief thereunder, or because they actively participated in litigation prior to moving for dismissal. There has been no showing that respondents engaged in the type of misrepresentation or concealment of material facts upon which an estoppel can be predicated " ); Matter of Pherbo Realty Corp. v. Town of Fishkill, 104 A.D. 2d 1037, 1038, 481 N.Y.S. 2d 110 ( 2d Dept. 1984 )( " Nor is there any basis upon which to find that respondents are equitably estopped... Settlement negotiations will not, by themselves, invoke the doctrine...there is no indication that respondents were attempting to deceive petitioner " )].
The authorities cited by SKM in support of its waiver argument, simply, do not apply to the facts of this case [ See e.g., General Motors Acceptance Corp. V. Clinton-Fine Central School District, 85 N.Y. 2d 232, 236, 647 N.E. 2d 1329, 623 N.Y.S. 2d 821 ( 1995 )
( waiver may be based upon " the apparent failure of plaintiff to protest or direct that payment be [*7]made to it...Waiver requires the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable " )]. The Respondents had a right to wait until the close of SKM's proof before making a trial motion to strike the recycled 1996 Appraisal and dismiss the 1997 Tax Proceeding [ Northville, supra ] and did nothing to waive that right.
The Cross Motion To Amend Is Denied
Stated, simply, the only " mistake " which Petitioner made was to recycle its 1996 Appraisal in a 1997 Tax Proceeding, apparently, believing that no one would take notice. Not even Petitioner's appraiser, Mr. Bernholz, has submitted an affidavit explaining his " mistake " and seeking permission to amend his 1996 Appraiser
[ See e.g., Salesian Society, Inc. v. Village of Ellenville, 98 A.D. 2d 927, 471 N.Y.S. 2d 363, 364 ( 3d Dept. 1983 )( appraiser filed affidavit explaining reasons justifying the submission of a supplemental appraisal )]. Petitioner's Cross Motion to amend the 1996 Appraisal after trial must be denied as totally lacking in merit since neither " extraordinary circumstances " [ See e.g., Matter of Consolidated Edison of New York, Inc. v. State Board of Equalization, 83 A.D. 2d 355, 445 N.Y.S. 2d 243, 246-247 ( 3d Dept. 1981 ), aff'd 58 N.Y. 2d 710, 713, 444 N.E. 2d 1326, 458 N.Y.S. 2d 907 ( 1982 )( " there was not only not good cause for allowing supplemental filing, there was no cause " )] nor " good cause "
[ assuming a pre-trial motion to amend ( See e.g., Salesian Society, Inc., supra, at 471 N.Y.S. 2d 364 ( " It has been held that inadvertence or oversight is not good cause...Nor will the desire merely to permit introduction of an additional appraiser's theory
suffice..." )] have been demonstrated [ See e.g., Algonquin Gas Transmission Co., supra, at 104 A.D. 2d 804-806 ( no showing of extraordinary circumstances ); Binghamton Urban Renewal Agency v. Levene, 34 A.D. 2d 241, 310 N.Y.S. 2d 739, 741 ( 3d Dept. 1970 )
( "...it had failed prior to trial to attempt to amend its appraisal report by substituting new or additional pages therein...
Mere inadvertence...does not constitute ' extraordinary
circumstances ' " ); Matter of City of New York, 2004 WL 258138
( N.Y. Sup. 2004 )( "...since claimant failed to value the subject property as of the date of the taking in its report, it is precluded from offering such evidence at trial " )].
 
SKM's 1997 Tax Proceeding Must Be Dismissed
 SKM's 1997 Tax Proceeding must be dismissed for two reasons. First, since SKM's trial appraisal has been stricken it, in effect, has failed to submit an acceptable appraisal pursuant to 22 N.Y.C.R.R. § 202.59(g)(2) which must " contain a statement of the method of appraisal relied on and the conclusions as to value reached by the expert, together with the facts, figures and calculations by which the conclusions were reached ". SKM's failure to file an appraisal not only prevents it from rebutting the presumption of the assessment's validity [ see below ] but is itself a separate grounds for dismissal of its Petition and 1997 Tax Proceeding [ Matter of Taylor Builders Inc. v. City of Saratoga, 263 A.D. 2d 829, 830-831, 694 N.Y.S. 2d 219 ( 3d Dept. 1999 )( failure to file appraisal report pursuant to 22 N.Y.C.R.R. § 202.59(g)(1)(I) warrants dismissal [*8]of petition; an opinion letter insufficient as an appraisal pursuant to 22 N.Y.C.R.R. § 202.59(g)(2) )].
Second, the Respondents' 1997 assessment of the Bowl-O-Fun is presumptively valid but may be rebutted at trial with credible and competent evidence in the form of an appraisal and the testimony of a certified appraiser. Since SKM failed to submit an acceptable appraisal its Petition and 1997 Tax Proceeding must be dismissed.
[ Matter of FMC Corp. v. Unmack, 92 N.Y. 2d 179, 190-191, 677 N.Y.S. 2d 269, 699 N.E. 2d 893 ( 1998 )( " A formal appraisal report...was subsequently completed for each of the years at issue ( emphasis added )...In order to rebut the presumption of validity of respondent's assessment, petitioner need merely provide credible and competent evidence, usually in the form of a competent
appraisal " ); Matter of Niagara Mohawk Power Corp. v. Town of Geddes, 92 N.Y. 2d 192, 196, 677 N.Y.S. 2d 275, 699 N.E. 2d 899
( 1998 )( " substantial evidence will most often consist of a detailed, competent appraisal based on standard accepted appraisal techniques and prepared by a qualified appraiser " ); Matter of Sun Plaza Enterprises Corp. v. City of New York, 304 A.D. 2d 763, 764-765, 759 N.Y.S. 2d 127 ( 2d Dept. 2003 )( appraisal and testimony of appraiser rebuts presumption of validity ); Matter of Friar Tuck Inn v. Town of Catskill, 768 N.Y.S. 2d 682 ( N.Y. App. Div., 3d Dept. 2003 )( " The submission of a detailed competent appraisal, based on standard, accepted appraisal techniques and prepared by a qualified appraiser, demonstrates the existence of a genuine dispute concerning valuation and rebuts the presumption " )].
Based upon the foregoing the Petitioner's Appraisal is stricken and the Petition challenging the Respondents' Tax Assessment for the year 1997 for the Bowl-O-Fun is dismissed with prejudice.
Dated: White Plains, New York
 March 12, 2004
[*9] HON. THOMAS A. DICKERSON
 Justice of the Supreme Court
Gerard J. Pisanelli, Esq.
Attorney for Petitioner
2 Cannon Street
Poughkeepsie, N.Y. 12601-3224
David R. Murphy, Esq.
Attorney for Respondents
7 Airport Park Blvd.
P.O. Box 104
Latham, N.Y. 12110-0104
ENDNOTES
[*10]
Decision Date: March 12, 2004

Footnotes

Footnote 1: See Affidavit In Support of Post-Trial Motion To Dismiss of David R. Murphy sworn to January 21, 2005 [ " the Murphy Aff. " ] at Exhibit C.

Footnote 2: Petitioner's Trial Exhibit 1.

Footnote 3: Id.

Footnote 4: Id. at p. 18 [ Chart Retails Sales Billions of Dollars;
" business-friendly attitude on the part of local governmental agencies, has succeeded in its goal of attracting new business and industry to the County " ], p. 20 [ " 42% increase in sales of existing homes over a four year period ", " a 39% increase in new home permits over a two year period ", " a 23.4% increase in sales prices for single family homes over a three year
period " ], p. 22 [ " 16.6% increase in population from 1990 to 2000 ", " Development along NYS Route 17M in the subject's immediate vicinity is primarily commercial in nature " ]. 

Footnote 5: Murphy Aff. at para 2.

Footnote 6: Affirmation In Opposition To Notice Of Motion To Dismiss
of Gerard J. Pisanelli dated February 19, 2004 [ " Pisanelli
 Aff. " ] at para. 6.

Footnote 7: Pisanelli Aff. at para. 4.

Footnote 8: Pisanelli Aff. at para. 7.

Footnote 9: Affirmation in Opposition to Cross-Motion of David R. Murphy dated March 5, 2004 [ " Murphy Aff. II " ] at para. 6
( " Petitioner was not ' ambushed '...petitioner had notice of the dismissal of the 1996 Article 7 proceeding long before the convening of the trial of the 1997 proceeding and it is the petitioner who bears the burden of proof in these proceedings, and who proceeded to trial with an immaterial appraisal
report " ).

Footnote 10: Murphy Aff. II at para. 4 ( " Petitioner's counsel... characteriz(es) the use of the 1996 date as ' a clerical error subject to correction. ' This is an incorrect description of the advertent use of the 1996 date and this defect is not ' subject to correction ' as a matter of law " ).

Footnote 11: Murphy Aff. II at para. 3 ( " Cross-movant offers no affidavit from Bernholz to corroborate counsel's contention of
' mistake '" ).