Matter of Adrian Family Partners I, LP v Town of Yorktown (2018 NY Slip Op 08642)





Matter of Adrian Family Partners I, LP v Town of Yorktown


2018 NY Slip Op 08642


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-06777
 (Index Nos. 20220/05, 23010/06, 23998/07, 25727/08, 27401/09, 28988/10, 16242/11)

[*1]In the Matter of Adrian Family Partners I, LP, appellant, 
v
Town of Yorktown, etc., respondent.


Joseph E. St. Onge, Scarsdale, NY, for appellant.
Shaw, Perelson, May & Lambert, LLP, Valhalla, NY (Marc E. Sharff of counsel), for respondent.



DECISION & ORDER
In related tax certiorari proceedings pursuant to Real Property Tax Law article 7, the petitioner appeals from an order of the Supreme Court, Westchester County (Bruce E. Tolbert, J.), entered May 8, 2017. The order granted the respondent's motion to strike the pleadings and dismiss the proceedings.
ORDERED that the order is affirmed, with costs.
The petitioner filed petitions pursuant to Real Property Tax Law article 7 challenging the tax assessments on its property located in the Town of Yorktown for the tax years 2005 through 2011. Pursuant to an amended scheduling order dated March 11, 2016, the Supreme Court, inter alia, directed the parties to exchange trial appraisals by June 9, 2016. The order contained language warning that the failure to comply could result in the striking of pleadings. Thereafter, the deadline for the exchange of trial appraisals was extended from June 9, 2016, to June 27, 2016, and then, in a final amended scheduling order, to August 5, 2016. These amended scheduling orders also advised that the failure to comply could result in the striking of pleadings. The petitioner did not serve or file its trial appraisal by the August 5, 2016, deadline. Thereafter, the Town moved to strike the pleadings and to dismiss the proceedings. In the order appealed from, the court granted the Town's motion.
The petitioner failed to serve and file an appraisal by the August 5, 2016, deadline set forth in the court's final amended scheduling order (see 22 NYCRR 202.59[e][1], [2]). That order, as well as the prior scheduling orders, contained the warning that "Failure to timely comply may result in the imposition of sanctions, including the striking of pleadings and/or preclusion of evidence." The petitioner failed to make a showing of good cause (see 22 NYCRR 202.59[h]) to excuse its default in timely serving and filing an appraisal report. Accordingly, we agree with the Supreme Court's determination granting the Town's motion to strike the pleadings and dismiss the proceedings (see Matter of R.J. Taylor Bldrs. v City of Saratoga Springs Bd. of Assessment Review, 263 AD2d 829, 830-831; see also Matter of Plaro Estates, Inc. v Assessor, 101 AD3d 886, 887; Matter of Eastgate Corporate Park, LLC v Assessor, Bd. of Assessment Review of Town of Goshen, 54 AD3d 1036, 1036-1037).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court